William **PATE** et al.,

v.

**EL PASO COUNTY, TEXAS,** et al.

No. **EP–69–CA–158.**

United States District Court,
W. D. Texas,
El Paso Division.

April 20, 1970.

Judgment Affirmed Oct. 12, 1970.
See 91 S.Ct. 55.

Judgment Vacated March 29, 1971.
See 91 S.Ct. 1219.

Joseph A. Calamia, John L. Fashing, El Paso, Tex., for plaintiffs.

George A. McAlmon, Jr., Ward L. Koehler, El Paso, Tex., W. O. Shultz, Austin, Tex., for defendants.

Henry Pena, County Atty., for El Paso County, Tex., and the County Commissioners.

Before INGRAHAM, Circuit Judge and SUTTLE and GUINN, District Judges.

## MEMORANDUM OPINION

PER CURIAM.

Plaintiffs brought this action for the purpose of having the Commissioners Court of El Paso County, Texas, change the boundaries of the commissioners precincts so as to comport with the criteria laid down in Avery v. Midland County, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45 (1968), which made applicable to counties the one man, one vote principle of Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964). The Commissioners Court has submitted a plan to this Court which provides for substantially equal population in each precinct. Judgment has been entered this day to implement this plan.

As a second action in their complaint, Plaintiffs allege that in the realignment of the four commissioners precincts certain voters have been or will be shifted from commissioners precinct two to commissioners precincts one and three, and, that because the provisions of Section 65 of Article XVI of the Constitution of Texas, Vernon's Ann.Tex.St. require that county commissioners for precincts two and four be elected in 1970 and county commissioners for precincts one and three be elected in 1972, those persons so moved have been or will be deprived of their right to vote in violation of the equal protection and due process provisions of the United States Constitution.

In this latter connection the Plaintiffs contend that the staggered term provisions of Section 65 of Article XVI of the Constitution of Texas is incompatible with the one man, one vote rule of Avery v. Midland County, *supra*, and therefore effectuates an unconstitutional restriction upon the right to vote. This contention is without merit.

Section 65 of Article XVI, neither upon its face or as applied in the instant case, effectuates an unconstitutional denial of the right to vote.

The right to vote protected by the United States Constitution is the right to vote which is established by the

laws and constitution of the states. Mc-Pherson v. Blacker, 146 U.S. 1, 13 S.Ct. 3, 36 L.Ed. 869 (1892); Lassiter v. Northhampton County Board of Elections, 360 U.S. 45, 79 S.Ct. 985, 3 L.Ed. 2d 1072 (1959).

The right to vote is a privilege to be exercised as the state may direct, and upon such terms as may seem proper to the state, provided there is no discrimination between individuals in violation of the equal protection afforded by the United States Constitution. As long as standards and conditions regarding voting are reasonable and non-discriminatory they are permissible. Carrington v. Rash, 380 U.S. 89, 85 S.Ct. 775, 13 L. Ed.2d 675 (1965); Lassiter v. Northhampton County Board of Elections, 360 U.S. 45, 79 S.Ct. 985, 3 L.Ed.2d 1072 (1959); Pope v. Williams, 193 U.S. 621, 24 S.Ct. 573, 48 L.Ed. 817 (1904).

The mere fact that a state has established a classification of its citizens does not in and of itself deprive the group within the class of equal protection, a state may limit the right to vote to a particular group or class of people. Hadley, et al. v. Junior College District of Metropolitan Kansas City, Missouri, et al., 397 U.S. 50, 90 S.Ct. 791, 25 L.Ed.2d 45 (rendered February 25, 1970). The prohibition of the equal protection clause goes no further than the arbitrary and invidious discrimination. Reasonable classifications are permissible. Carrington v. Rash, *supra*; Avery v. Midland County, *supra*; Reynolds v. Sims, *supra*; Williamson v. Lee Optical of Oklahoma, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1954). If there is no arbitrary or invidious discrimination arising from the action of the state, the courts will not sit in judgment upon the wisdom of the policy prompting such action. Lassiter v. Northhampton County Board of Elections, *supra*; Williamson v. Lee Optical of Oklahoma, *supra*.

Section 65 of Article XVI of the Constitution of Texas reads as follows:

"Sec. 65. Staggering Terms of Office—The following officers elected at the General Election in November, 1954, and thereafter, shall serve for the full terms provided in this Constitution:

"(a) District Clerks; (b) County Clerks; (c) County Judges; (d) Judges of County Courts at Law, County Criminal Courts, County Probate Courts and County Domestic Relations Courts; (e) County Treasurers; (f) Criminal District Attorneys; (g) County Surveyors; (h) Inspectors of Hides and Animals; (i) County Commissioners for Precincts Two and Four; (j) Justices of the Peace.

"Notwithstanding other provisions of this Constitution, the following officers elected at the General Election in November, 1954, shall serve only for terms of two (2) years: (a) Sheriffs; (b) Assessors and Collectors of Taxes; (c) District Attorneys; (d) County Attorneys; (e) Public Weighers; (f) County Commissioners for Precincts One and Three; (g) Constables. At subsequent elections, such officers shall be elected for the full terms provided in this Constitution.

"In any district, county or precinct where any of the aforementioned offices is of such nature that two (2) or more persons hold such office, with the result that candidates file for 'Place No. 1,' 'Place No. 2,' etc., the officers elected at the General Election in November, 1954, shall serve for a term of two (2) years if the designation of their office is an uneven number, and for a term of four (4) years if the designation of their office is an even number. Thereafter, all such officers shall be elected for the terms provided in this Constitution.

"Provided, however, if any of the officers named herein shall announce their candidacy, or shall in fact become a candidate, in any General, Special or Primary Election, for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall exceed one (1) year, such

announcement or such candidacy shall constitute an automatic resignation of the office then held, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled."

Under the provisions of this section, in all counties of this State, the County Commissioners of Precincts Two and Four are to be elected in 1970 and the County Commissioners of Precincts One and Three will be elected in 1972. Thus, there are established two classifications of voters insofar as the time at which they are entitled to vote is concerned.

Section 18 of Article V of the Constitution of Texas is relevant to the issues at hand, and provides in part as follows:

" * * * Each county shall in like manner be divided into four commissioners precincts in each of which there shall be elected by the qualified voters thereof one County Commissioner, who shall hold his office for four years and until his successor shall be elected and qualified. * * * "

This section constitutes the authorization for the Commissioners Court to change the Commissioners Precinct boundaries from time to time. It further provides for the election of a Commissioner from *each precinct* by the *qualified voters of each precinct*. This meets the latest expression of the Supreme Court:

" * * * We therefore hold today that as a general rule, whenever a state or local government decides to select persons by popular election to perform governmental functions, the Equal Protection Clause of the Fourteenth Amendment requires that each qualified voter must be given an equal opportunity to participate in that election, and when members of an elected body are chosen from separate districts, each district must be established on a basis that will insure, as far as is practicable, that equal numbers of voters can vote for proportionally equal numbers of officials."

" * * * And a State may, in certain cases, limit the right to vote to a particular group or class of people." See Hadley, et al. v. Junior College, *supra*.

The Texas system of county government, the four county commissioners together with the county judge make up the county commissioners court, which is the governing body of the county. There are sound reasons for the method established by our Constitution for the selection of the members of the commissioners court. The requirement of Section 18 of Article V that one commissioner be elected from each commissioners precinct by the voters of the precinct assures that the commissioners court will be composed of persons from the various geographic areas of the county who will presumably have knowledge of the problems and needs of precincts from which they were elected. This gives balance to the commissioners court and enables it to give intelligent consideration to problems arising throughout the entire county. The selection of the commissioner from each precinct is left up to the voters of that precinct. This logically leaves it up to the people of each precinct to elect someone whom they feel understands and appreciates the needs of their area and will best represent them as a member of the commissioners court.

The provisions of Section 65 of Article XVI requiring that the Commissioners from Precincts Two and Four and the Commissioners from Precincts One and Three be elected at alternating elections insures that the commissioners court have some continuity in its membership and experience, thereby providing for more efficient and effective county government.

■ Members of an elective body from districts may be elected by the voters of the districts. The validity of such a plan is implicit in Reynolds v. Sims, *supra* and Avery v. Midland County, *supra*. All that is required is that equal weight be given to the vote of each qualified voter, i. e., that there be substantially equal populations within each district, it

is specifically approved in the latest expression of the Supreme Court. See Hadley, et al. v. Junior College District of Metropolitan Kansas City, Missouri, et al., *supra.*

The plan established by the Texas Constitution for the election of county commissioners has a rational purpose—a reasonable and valid purpose with regard to county government.

Plaintiffs have alleged that the Commissioners Court of El Paso County may embark upon a series of realignments of precinct lines which will effectively prevent certain persons from ever voting by shifting them back and forth between commissioners precincts.

█ The law presumes that public officials will exercise their powers in a lawful and reasonable manner.

Judgment has been entered in accordance with this opinion.

### FINDINGS OF FACT

By changing the County Commissioner's precincts in 1968 to become effective in 1969, 13,267 voters were transferred from precinct 2 to precinct 1 which meant that those voters lost a vote in the election held May 2, 1970 since the commissioners were elected for precinct 2 and precinct 4; likewise, 6,799 voters were transferred from precinct 2 to precinct 3 and those voters lost their vote on May 2, 1970 since precinct 3 did not have a commissioner's election this year. The change made effective by this Court to become effective in 1971 shows that the 5,475 registered voters transferred from precinct 4 to precinct 1 voted in the election May 2, 1970 and will vote two years from now in precinct number 1.

6,493 voters who were transferred from precinct 1 to precinct 2 will lose their vote since they did not get to vote in May 2, 1970 and will not get to vote until four years from now when the next commissioner for precinct 2 is voted on. The 6,704 registered voters transferred from precinct 2 to precinct 3 voted May 2, 1970 and they will also vote at the next election 2 years from now when the commissioner for precinct 3 is chosen.

Attached hereto is an exhibit showing the transfer of voters from the various precincts at the 1968 change to be effective in 1969 and the 1970 change to be effective January 1, 1971 by Order of this Court.

1968–1969

| Pct. 1 to Pct. 4 | | |
|---|---|---|
| V. Pct. 19 | | 1676 voters |
| **Pct. 4 to Pct. 2** | | **4537 voters** |
| V. Pct. 46 | 472 | |
| 47 | 767 | |
| 48 | 1184 | |
| 49 | 1168 | |
| 50 | 260 | |
| 51 | 686 | |
| | 4537 | |
| **Pct. 2 to Pct. 1** | | **13,267 voters** |
| V. Pct. 37 | 802 | |
| 38 | 1412 | |
| 39 | 1012 | |
| 40 | 1166 | |
| 41 | 2188 | |
| 42 | 1525 | |
| 43 | 1886 | |
| 44 | 1095 | |
| 45 | 2181 | |
| | 13267 | |
| **Pct. 2 to Pct. 3** | | **6,799 voters** |
| V. Pct. 73 | 1362 | |
| 74 | 1270 | |
| 75 | 1139 | |
| 71 | 558 | |
| 72 | 2470 | |
| | 6799 | |

Figures are based on 1970 Voter Registration.

1970–1971

| Pct. 4 to Pct. 1 | | Pct. 1 to Pct. 2 | | Pct. 1 to Pct. 3 | | Pct. 2 to Pct. 3 | |
|---|---|---|---|---|---|---|---|
| 11 | 880 | 35 | 1429 | 43 | 1886 | 66 | 1514 |
| 12 | 1208 | 36 | 1351 | | | 67 | 1052 |
| 13 | 577 | 41 | 2188 | | | 68 | 1169 |
| 14 | 1333 | 42 | 1525 | | | 69 | 1147 |
| 15 | 1477 | | 6493 | | | 70 | 1822 |
| | 5475 | | | | | | 6704 |

## JUDGMENT

Came on to be heard the above cause and a Three-Judge Court having been convened to hear said cause, did determine that the question of redistricting the Commissioners' Precincts of El Paso County, Texas, under the one man, one vote principle laid down in Avery v. Midland County, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45, did not present any substantial constitutional question, the law being clearly established thereon, and the Court having determined that because of the large military personnel in El Paso County who maintain voting residence in other places a division by registered voters would more fairly comply with the one man, one vote rule than by population, and the Commissioners Court of El Paso County having submitted to the Court a map dividing the county into four Commissioners precincts with voter registration as follows:

Commissioners Precinct 1—23,674

Commissioners Precinct 2—23,721

Commissioners Precinct 3—23,923

Commissioners Precinct 4—23,971

In accordance with the registered voters list of January 31, 1970, the Court finds that said division as appears on said map, which is attached hereto and made a part hereof and marked Exhibit "A", is reasonable and proper.

It is, therefore, ordered, adjudged and decreed that El Paso County be and hereby is divided into the Four Commissioners Precincts with boundaries as appears on the attached Exhibit "A" so that Commissioners Precinct 1 shall have 23,674 registered voters, Commissioners Precinct 2 shall have 23,721 registered voters, Commissioners Precinct 3 shall have 23,923 registered voters, and Commissioners Precinct 4 shall have 23,971 registered voters, and It is further ordered, adjudged and decreed that the Commissioners Court shall file in its minutes the metes and bounds descriptions of each precinct so defined in the map attached hereto.

It is further ordered, adjudged and decreed that said newly defined precinct boundaries shall become effective January 1, 1971 and that the existing boundaries shall remain in effect for all purposes until such date; provided further, that the Commissioners Court may then re-district the county, in accord with Avery v. Midland County, supra, and in accord with the 1970 Official United States Census, which should by then be final and public.

And the Three-Judge Court convened to hear this cause having determined that the challenge of the constitutionality of Section 65 of Article XVI of the Constitution of Texas which requires that County Commissioners for Precincts 2 and 4 be elected in 1970 and County Commissioners for Precincts 1 and 3 be elected in 1972 on the ground that persons residing in said precincts would be deprived of their rights to vote in violation of the equal protection and due process provision of the United States Constitution presented a matter for the determination of the Three-Judge Court and it being agreed that there was no disputed questions of fact and the parties having requested a submission of said cause by written briefs, the Court considered said briefs and is of the opinion that Section 65 of Article XVI of the Constitution of Texas is valid and files herewith a memorandum opinion relating thereto, and

It is, therefore, ordered, adjudged and decreed that Section 65 of Article 16 of the Constitution of Texas be and hereby is declared to be valid and that Plaintiffs take nothing by their suit challenging the validity of said Section and that all relief prayed for on the basis of the unconstitutionality of said section be, and hereby is denied.

It is further ordered, adjudged and decreed that each party pay its costs.