

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

July 26, 1972

Hon. Ned Granger
County Attorney
Travis County Courthouse
P. O. Box 1748
Austin, Te x as 78767

Opinion No. M- 1182

Re: Whether the boundaries of
county commissioners prec
should be determined by t
number of registered vote
or by the total populatio
in order to comply with t
"one man, one vote" rule
the U.S. Supreme Court.

Dear Mr. Granger:

     Your recent letter requesting the opinion of this offic
concerning the referenced matter states, in part, as follows:

     "Travis County Commissioners precinct bound-
aries are currently determined in accordance with
the total number of persons registered to vote in
Travis County. The recent changes in election laws
which now permit persons of age eighteen to vote
have altered the previous ratio of registered
voters to total population in some areas due, in
part, to the concentration of students in some
parts of Travis County.

     "The Travis County Commissioners are now
confronted with the following question:

     "Should the forthcoming redefining of County
Commissioners precinct boundaries be done in
accordance with total numbers of persons registered
to vote in Travis County, or does the U.S. Supreme
Court's requirement of 'one man, one vote' require
that precinct boundaries be established on the
basis of total population within Travis County?"

     In Reynolds v. Sims, 377 U.S. 533 (1964), the United St
Supreme Court held that the Equal Protection Clause of the Fourte
Amendment applied to the apportionment of state legislatures, tha
every qualified resident had the right to a ballot for election c

-5769-

state legislators that was of equal weight to the vote of every other resident, and that such right was infringed when legislator were elected from districts of substantially unequal population. However, the Court also said in Reynolds v. Sims, supra, that:

> "We do not here consider the difficult question of the proper remedial devices which federal courts should utilize in State legislative apportionment cases. Remedial techniques in this new and developing area of the law will probably often differ with the circumstances of the challenged apportionment and a variety of local conditions. . . ." 377 U.S. at 585.

In Avery v. Midland County, 390 U.S. 474 (1968), the Supreme Court applied the Reynolds rule to Texas county commissio: precincts, and held that local units with general governmental powers over an entire geographic area may not, consistently with the Equal Protection Clause, be apportioned among single-member districts of substantially unequal population.

The Court's decision in Avery consistently spoke in ter) of districts of equal population, rather than districts having an equal number of registered voters. The Court said

> ". . . We hold today only that the Constitution permits no substantial variation from equal population in drawing districts for units of local government having general governmental powers over the entire geographic area served by the body." (Emphasis added.) 390 U.S. at 484-85.

Further, in the course of the Avery decision, the Court stated th:

> ". . . Our decision today is only that the Constitution imposes one ground rule for the development of arrangements of local government: a requirement that units with general governmental powers over an entire geographic area not be apportioned among single-member districts of substantially unequal population." (Emphasis added.) Id. at 485-86.

In Hadley v. Junior College Dist. of Metro. Kansas City Mo., 397 U.S. 50 (1970), the Supreme Court applied the Reynolds-

Avery rationale to the election of trustees of a junior college district. The Court's language in Hadley spoke as follows:

> ". . . We therefore hold today that as a general rule . . . the Equal Protection Clause of the Fourteenth Amendment requires that each qualified voter must be given an equal opportunity to participate in (elections) . . ., and when members of an elected body are chosen from separate districts, each district must be established on a basis that will insure, as far as is practicable, that equal numbers of voters can vote for proportionally equal numbers of officials." (Emphasis added.) 397 U.S. at 56.

The foregoing language of the Supreme Court would seem to indicate that districts composed of an equal number of registered voters, as opposed to persons, would be constitutionally sanctioned.

In Pate v. El Paso County, Texas, 324 F.Supp. 935 (W.D. Tex.) (3-judge court), aff'd 400 U.S. 806 (1970), the court had occasion to pass upon the constitutionality of an El Paso County redistricting action in which the four county commissioners' precincts had been redrawn. In that case, the county commissioners had redrawn the precinct lines on the basis of registered voters in the district, rather than on a population basis. The federal district court concluded as follows:

> ". . . (T)he Court having determined that because of the large military personnel in El Paso County who maintain voting residence in other places a division by registered voters would more fairly comply with the one man, one vote rule than by population, and the Commissioners Court of El Paso County having submitted to the Court a map dividing the county into four Commissioners precincts with voter registration as follows:

> "Commissioners Precinct 1---23,674

> "In accordance with the registered voters
> list of January 31, 1970, the Court finds that
> said division as appears on said map . . . is
> reasonable and proper."  324 F.Supp. at 940.

Thus, the Pate decision explicitly sanctioned the use of districts based on the number of registered voters resident therein as being constitutional in light of Reynolds, Avery, and Hadley.  The Pate decision was affirmed, without opinion, by the United States Supreme Court.

In view of the foregoing, we are of the opinion that the Travis County Commissioners Court may adopt the redistricting plan which most fairly complies with the one man, one vote rule for its four commissioners' precincts; that is, based upon that criterion, to adopt one based on either registered voters or total population of the new districts, and that either of such methods of redistricting so adopted would be constitutional in light of the Supreme Court "one man, one vote" rule, provided the numbers in each district, of either registered voters or total population, was substantially equal to that of the other districts.

In so holding, we would point out that once a commissioner court decides on which of the two formulas to use as a basis for redistricting (i.e., either registered voters or total population), it must apply the formula to each of its four commissioners' precincts.

### S U M M A R Y

To comply with the U.S. Supreme Court requirement of "one man, one vote", a commissioners court may, in its judgment, depending upon which most fairly complies with the one man, one vote rule, redistrict its four precincts on the basis of either total registered voters, or total population, resident in each precinct, provided that, as redistricted, the number of registered voters, or total population, in each precinct is substantially similar to the others.  Once the registered voter or total population formula is adopted, it must be applied to each of the four commissioners' precincts.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Gerald Ivey
Bob Lemens
Linward Shivers
Harriet Burke

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant