**REPUBLICAN PARTY OF OREGON, et al., Plaintiffs–Appellants,**

**v.**

**Phil KEISLING, in his capacity as Secretary of State of the State of Oregon, Defendant–Appellee.**

No. 92–35177.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 26, 1992.

Decided March 18, 1992.

Certiorari Denied May 18, 1992.

See 112 S.Ct. 1952.

John R. Faust, Jr., Schwabe, Williamson & Wyatt, Portland, Or., for plaintiffs-appellants.

Jack L. Landau, Deputy Attorney General, Salem, Or., for defendant-appellee.

Before CANBY, NORRIS and LEAVY, Circuit Judges.

PER CURIAM:

The Republican Party of Oregon and several individual Oregon voters appeal from the district court's dismissal of their action for declaratory and injunctive relief. The appellants contend that their first amendment rights were violated by the manner in which Oregon's 1991 reapportionment plan was combined with the staggered term system for state senate elections. We find no constitutional violation, and affirm the judgment of the district court.

In 1991, appellee Secretary of State reapportioned Oregon's legislative districts to respond to population changes reflected in the most recent federal census. The reapportionment plan altered certain district boundaries. Pursuant to Oregon Const. Art. IV, § 6(1), appellee assigned incumbent senators to the newly drawn districts. The Oregon legislature has 30 senators,

---

**2.** Other issues raised in this case at this time have been disposed of in an unpublished order.

one-half of whom are elected every two years. *See* Oregon Const. Art. IV, § 4. Appellants represent approximately 101,000 persons of voting age who were formerly represented by senators whose terms were to expire in January 1993 and are now represented by senators whose terms will not expire until January 1995. But for reapportionment, they would have had an opportunity to vote for state senate in the 1992 primary and general elections. Now they will be deprived of that opportunity until 1994. Appellants contend, therefore, that the redistricting, combined with the staggered term system and the assignment of incumbent senators to their districts, deprived them of their right to vote in violation of the first amendment and 42 U.S.C. § 1983.

Appellants rely primarily on the United States Supreme Court's decision in *Anderson v. Celebrezze*, 460 U.S. 780, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983), for the proposition that restriction of access to the ballot constitutes restriction of first amendment freedoms. In *Anderson*, the Court held that Ohio's requirement that independent candidates file their candidacy at an earlier date than major party candidates violated the first amendment rights of the affected voters.

■ Appellants compare their plight to that presented in *Anderson*. However, the Court in *Anderson* held that the first amendment rights of voters had been burdened specifically because their choices in a scheduled election had been limited. The Court reasoned that "[t]he right to vote is 'heavily burdened' if that vote may be cast only for major-party candidates at a time when other parties or other candidates are 'clamoring for a place on the ballot.' The exclusion of candidates also burdens voters' freedom of association, because an election campaign is an effective platform for the expression of views on the issues of the day, and a candidate serves as a rallying point for like-minded citizens." *Id.* at 787–88, 103 S.Ct. at 1569 (citations omitted). Here, the voters' choices in an election are not being limited; the election in which they may vote is, rather, being post-poned. *Anderson* could only apply if we were to hold that there is a first amendment right to vote for state representatives on a particular schedule. We decline the invitation to find such a right in the first amendment.

Appellants are represented by state senators and will have an opportunity to vote again for state senate in the next elections scheduled for their districts, which are set to take place in 1994. Appellants are not being deprived of a voice in any scheduled election. To the extent appellants had any expectation of voting for state senate in 1992, they mistakenly failed to take into account the legitimate and inevitable consequences of redistricting following the 1990 census.

■ Appellants contend, however, that their voices are "diluted" by having to wait six years for their next vote instead of four years like voters in some of their neighbor districts. This argument is not about restriction of access to a ballot, however, but about unequal treatment in violation of the equal protection clause of the fourteenth amendment. The cases cited by appellants for their "dilution" argument are fourteenth amendment cases, not first amendment cases. *See, e.g., Reynolds v. Sims*, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964); *Gray v. Sanders*, 372 U.S. 368, 83 S.Ct. 801, 9 L.Ed.2d 821 (1963); *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). The Oregon Supreme Court has held that the assignment of incumbent legislators to newly defined districts after reapportionment does not violate the equal protection clause, even when certain voters will have to wait six years instead of four for their next vote. *McCall v. Legislative Assembly*, 291 Or. 663, 634 P.2d 223 (1981). Several federal courts have held similarly. *See, e.g., Mader v. Crowell*, 498 F.Supp. 226 (M.D.Tenn.1980); *Pate v. El Paso County*, 337 F.Supp. 95 (W.D.Tex.), *aff'd*, 400 U.S. 806, 91 S.Ct. 55, 27 L.Ed.2d 38 (1970). We agree with these courts and hold that, in the context of reapportionment, a temporary dilution of voting power that does not unduly burden a particular

group does not violate the equal protection clause.

Appellants concede the necessity of reapportionment. After reapportionment occurs, the state must necessarily fill vacancies in representation and establish election dates for the newly created electoral districts. Appellants' challenge to the methods chosen by appellee for regulating elections, in this case after reapportionment, has been roundly rejected by the Supreme Court. *See Rodriguez v. Popular Democratic Party*, 457 U.S. 1, 8, 102 S.Ct. 2194, 2199, 72 L.Ed.2d 628 (1982) ("[n]o provision of the Federal Constitution expressly mandates the procedures that a state ... must follow in filling vacancies in its own legislature").

In conclusion, we find that neither the first amendment nor the fourteenth amendment is implicated by the circumstances presented here. The decision of the district court is

AFFIRMED.