**B. D. ONEY, Jr., Relator,**

**v.**

**Jim AMMERMAN et al., Respondents.**

**Benedict J. COMISKY, Jr., Relator,**

**v.**

**Jim AMMERMAN et al., Respondents.**

**Nos. B–2352, B–2353.**

Supreme Court of Texas.

Sept. 23, 1970.

Rehearing Denied Oct. 14, 1970.

John A. Files, Marshall, for relators.

Jim Ammerman, Marshall, for respondent.

REAVLEY, Justice.

These two original applications for writs of mandamus were filed against County Judge Jim Ammerman and County Clerk Glenn Link, of Harrison County, by B. D. Oney, Jr., seeking to have his name placed on the forthcoming general election ballot as an independent candidate for Commissioner of Precinct #4, and by Benedict J. Comisky, Jr., seeking to have his name placed on that ballot as an independent candidate for Commissioner of Precinct #2. Relators both state that on June 30, 1970, they filed applications signed by the requisite number of qualified voters, and that they have complied with Art. 13.50 of the Texas Election Code, Vernon's Anno.Tex.Statutes, and that they are entitled to be placed on the ballot as candidates for these respective offices.

Under Art. 1735a, Vernon's Ann. Civ.St., this court may compel by writ of mandamus the performance by public officers of any duty imposed upon them by the law in connection with the holding of any general election. However, the duty of the officer must be one clearly fixed and required by the law, or the writ will not issue.

When these causes were orally submitted to this court, counsel for relators conceded that neither of them had filed an affidavit and statement of intention to run for the named office prior to June 30. Art. 13.47a Sec. 3 of the Elec-

tion Code provides that "as a condition precedent to having a candidate's name printed on the official ballot" under Art. 13.50, an affidavit must be filed "with the person with whom the written application must, thereunder, be filed" which must state certain information including "the office for which he intends to run." By reference to Art. 13.12, it is required that this filing be made not later than 6 p. m. on the first Monday in February preceding the election.

Since relators have not complied with this condition precedent to having their names printed on the ballot, the applications for mandamus are denied.