### Derly VILLARREAL, Relator,

v.

### Carlos BUSTAMANTE et al., Respondents.

### No. 15102.

Court of Civil Appeals of Texas,
San Antonio.

April 12, 1972.

Mann, Castillon, Freed & Kazen, Laredo, for relator.

Victor Woods, Zapata, Kenneth Oden, Alice, for respondents.

PER CURIAM.

This is an original proceeding brought pursuant to Article 1735a, Vernon's Annotated Civil Statutes, whereby relator, Derly Villarreal, seeks a Writ of Mandamus to compel Carlos Bustamante, Chairman of the Democratic Executive Committee of Zapata County, to certify relator as a candidate for the position of Commissioner of Zapata County, Texas, Precinct 4 in the Democratic Primary Election to be held on May 6, 1972. Joined also as defendants are the members of the Commissioners' Court of Zapata County.

Respondent does not question relator's qualifications, but asserts that the term of Fidel Munoz, Commissioner of Precinct 4, does not terminate until December 31, 1974, and therefore this position is not on the ballot this election. In any event, it is urged that Munoz is a de facto officer and cannot be removed by this type proceeding.

On August 12, 1970, the Commissioners' Court of Zapata County ordered a redistricting of the Commissioners Precincts and Justices of the Peace Precincts in order to equalize the population in the precincts. See Avery v. Midland County, 406 S.W.2d 422 (Tex.1966). No effective date was contained in said order; however, on September 14, 1970, another order was entered to clarify the effective date of such redistricting, and it was ordered that same become effective after the General Election in November, 1970, to-wit on the 1st day of January, 1971. The Democratic Primary Election had been held in May of 1970, and Fidel Munoz had secured the nomination of the Democratic Party for the position of Precinct 4 after a contested election, but was unopposed in the General Election. Prior to the redistricting order taking effect, Precinct 4 was located solely in the southern edge of the County. Under the redistricting order, Precinct 4 is located near the center of the County and extends to the eastern boundary thereof. It is apparent that most of the population of the County is contained near the city of Zapata, which is located near the center of the county and therefore all precincts contain a portion of this area. It is seen from a comparison of maps of the old and new precincts that none of the territory in new Precinct 4 was contained in old Precinct 4.[1]

Article 5, Section 18, of the Texas Constitution Vernon's Ann.St., requires a division of the counties of Texas ". . . from time to time, for the convenience of the people, . . . into four commissioners precincts in each of which there shall be elected by the qualified voters thereof one County Commissioner, who shall hold his office for four years and until his successor shall be elected and qualified." Article 16, Section 65, of the Texas Constitution provides for staggering the terms of office of the County Commissioners whereby two of same are elected each two years for a four year term. In Pate v. El Paso County, D.C., 324 F.Supp. 935, affirmed, 400 U. S. 806, 91 S.Ct. 55, 27 L.Ed.2d 38 (1970), it was held that such constitutional provision establishing staggered terms for County Commissioners did not violate the equal protection and due process provisions of the United States Constitution, although the effect of same would be to deprive certain voters of the right to vote for their County Commissioner at the next General Election.

In Childress County v. Sachse, 310 S.W. 2d 414 [Tex.Civ.App.—Amarillo 1958, writ ref'd n. r. e., 158 Tex. 371, 312 S.W.2d 380 (1958)], it was expressly held that changes in precinct boundaries do not create a vacancy in the office of County Commissioner or deprive the incumbent of the right to hold office for the remainder of his term, even though by reason of such changes his residence is not within the precinct as redefined. This holding was enacted into law by Acts 1965, 59th Leg. p. 1523, Ch. 664, Sec. 1, being Article 2351½, Subdivision (b), V.A.C.S. See also: McGuire v. Hughes, 452 S.W.2d 29 (Tex.Civ.App.— Dallas 1970, no writ).

Under the record before us, Fidel Munoz, was elected as Commissioner of Precinct 4 in the General Election of November, 1970, and on January 1, 1971, qualified and entered upon the duties of such office. He is still serving as such, and over two years remain on the term to which he was elected. It is settled law that his eligibility, right to hold office, or the validity of such election may not be challenged by this original proceeding for writ of mandamus. See Pyote Independent School District v. Estes, 390 S.W.2d 3 (Tex.Civ.App.—El Paso 1965, writ ref'd n. r. e.).

Relator's petition for writ of mandamus is therefore denied.

---

1. Relator asserts that under Article 2351½, Subdivision (a), V.A.C.S., only the voters of the new Precinct 4 should have voted for the Commissioner of Precinct 4.