Herbert **BOZARTH**, Petitioner,

v.

**CITY OF DENISON**, Respondent.

No. 19441.

Court of Civil Appeals of Texas, Dallas.

Oct. 13, 1977.

Eric Weisberg, Denison, for petitioner.

H. Louis Nichols, Dallas, for respondent.

GUITTARD, Chief Justice.

Petitioner filed this original application for writ of mandamus and injunction against the City of Denison, the members of its city council, and its city secretary, to require defendants to submit to the voters of the city at an election to be held on November 8, 1977, a charter amendment concerning the election of council members by districts. Petitioner also seeks to restrain the city officials from submitting a different amendment concerning the same subject. The application was filed with us on October 5, 1977, and on the next day, with the extraordinary cooperation of counsel for all parties, we heard argument and announced our decision denying the relief sought. We now state our reasons for that decision.

Our jurisdiction depends on Texas Revised Civil Statutes Annotated, article 1735a (Vernon Supp.1976), which grants us authority to issue writs of mandamus and other compulsory process "against any public officer . . . to compel the performance, in accordance with the laws of this state, of any duty imposed on them, respectively, by law, in connection with the holding of any general, special, or primary election . . . ." Under this statute we have no fact-finding power; consequently, we have no authority to grant relief unless the facts are established without dispute. *Donald v. Carr,* 407 S.W.2d 288, 292 (Tex. Civ.App.—Dallas 1966, no writ). Moreover, before we can proceed under article 1735a to compel performance of any duty by a public officer, that duty must be clearly fixed and required by law. *Oney v. Ammerman,* 458 S.W.2d 54 (Tex.1970).

Petitioner alleges that the duty in this instance is fixed by the statute governing the procedure for amending the charter of a home rule city, Texas Revised Civil Statutes Annotated, article 1170 (Vernon Supp.1976), which provides, in part, as follows:

When the governing body desires to submit amendments to any existing charter, said body may on its own motion, in the absence of a petition, and shall, upon receiving a petition signed by qualified voters in such city, town or political subdivision in number not less than five per cent (5%) thereof or 20,000 signatures, whichever is less, submit any proposed amendment or amendments to such charter. The ordinance providing for the submission of such amendment or amendments shall require the submission thereof at an election to be held not less than thirty (30) days nor more than ninety (90) days after the passage of said ordinance. If the next regular municipal election is to be held during said period, the submission of said amendment or amendments

shall be at such election. Otherwise, a special election shall be called for the purpose.

The application for mandamus alleges that, in compliance with this statute, petitioner and other citizens of the City of Denison presented to the city council on September 19, 1977, a petition signed by more than five percent of the qualified voters of the city requesting that their proposed charter amendment be submitted to the voters. This petition contained over nine hundred signatures, of which six hundred seventy were certified by a deputy county clerk as being registered voters residing in Denison and qualified to sign the petition. Accompanying the petition was a certificate of the county tax officer that the registered voters residing in the city numbered ten thousand three hundred sixty and that five percent of that number was five hundred eighteen. The application for mandamus alleges that the council refused to call an election on the proposed amendment, but, at the same meeting, enacted instead an ordinance providing for submission to the voters of a different amendment to the same provision of the charter at an election on November 8, 1977. Petitioner alleges that such action was arbitrary and capricious and was done with the intent to deprive petitioner of his rights under article 1170.

An affidavit by petitioner's counsel in support of the application for mandamus varies in some respects from the allegations of the application. Rather than averring refusal to call the election, this affidavit states that the petition for the charter amendment was accepted by the council and referred to the city secretary for verification, that the petition had not been verified by October 5, 1977, and that the city secretary had testified in a proceeding in the district court of Grayson County that she did not know when she would be able to complete the verification, that she had not marked all the signatures she had found to be valid, and that she had no way of knowing how many she had verified.

Respondents filed an answer to the application, sworn to by the city attorney, stating that when the petition in question was presented to the city council on September 19, it was referred by the council to the city secretary for verification of the signatures and for determination of the number of qualified voters in the city, that the city secretary was in the process of carrying out such duties and was instructed to report back to the council at its next meeting, that the secretary had not yet completed her duties in connection with verification of the petition, but was in the process of doing so, and would report to the council as soon as she completed these duties. The answer denies that any action of respondents was done in an arbitrary or capricious manner or with intent to deprive petitioner of his rights under article 1170. It alleges that respondents' discretionary duties in connection with verification of the petition would require some time to complete, and it asserts that upon completing such duties the city would perform its statutory duty to call an election if the signers of the petition should be entitled to have such election called under the provisions of article 1170.

 In this state of the record we must hold that petitioner has failed to establish by undisputed evidence a clear statutory duty to call an election. Notwithstanding the previous verification of the signatures and number of signers required by the deputy county clerk and the county tax officer, the city council had the responsibility to make its own verification of these matters, and we cannot say as a matter of law that the period from September 19 to October 5 was an unreasonably long time. Neither can we say as a matter of law that the council's action was arbitrary and capricious or that it was done with intent to deprive petitioner of his right to an election in view of respondents' express denial of this charge.

 Petitioner's principal contention is that the council's action is shown to be arbitrary as a matter of law because it may have the practical effect of denying petitioner's right to an election under article

1170. In this connection petitioner points out that Texas Revised Civil Statutes Annotated, article 1165 (Vernon 1963), forbids amendment of the charter more often than once in every two years. In view of this prohibition, petitioner insists that if the alternative proposal submitted by the council is approved by the voters at the election on November 8, the council will have disabled itself from submitting petitioner's proposal at an election not less than thirty days nor more than ninety days after the call of such election by the council, as provided by article 1170. Petitioner argues that the burden on petitioner to defeat the alternative proposal on November 8 in order to obtain an election on petitioner's proposal within the time required by article 1170 is an unreasonable and unlawful burden on his rights under article 1170. Consequently, petitioner asserts that the only procedure now open that would preserve his rights under article 1170 is for the council to enact an ordinance not later than October 9, 1977 calling an election on the amendment proposed in his petition on or before November 8, 1977. To respondents' argument that the council still has not verified the signatures on the petition or determined the number of signatures required, petitioner responds that if the council fails to complete this process in time to enact such an ordinance, the sufficiency of the signatures must be presumed.

Although this argument has considerable appeal under principles of equity, we are not convinced that the council has a clear legal duty to call an election on petitioner's proposed amendment for November 8. Petitioner's rights under article 1170 are limited by the prohibition in article 1165 of charter amendments more often than once in two years. The action of the council in calling the election on the alternative proposal for November 8 was an exercise of legislative authority under article 1170, and if that action has the effect of preventing a vote on petitioner's proposal within the time prescribed by article 1170, then that effect is the result of the application of articles 1165 and 1170 to the facts of this case. We do not decide whether petitioner has a remedy if he can establish that the alternative proposal was submitted arbitrarily and in bad faith for the purpose of defeating his rights. We conclude that the present record does not establish such arbitrary action as a matter of law. The application for mandamus itself shows that the alternative proposal was recommended to the council by an appointed commission which had studied the matter of council districts at the council's request over a period of several months. The advocates of each proposal were naturally concerned to have their proposal submitted rather than the other. Conceivably, both could have been submitted at the same election, but confusion from inconsistent propositions on the same ballot may have been foreseen. The choice made by the council was one it had statutory power to make as the elected representatives of the people of the city. We cannot say that the record before us shows conclusively that it made that choice arbitrarily and in bad faith.

Writs of mandamus and injunction denied.