TAXPAYERS' POLITICAL ACTION
COMMITTEE et al.

v.

CITY OF HOUSTON et al.

No. 17587.

Court of Civil Appeals of Texas,
Houston (1st Dist).

Nov. 8, 1979.

Ronald A. Zumbrun, Sacramento, Cal., Raymond M. Momboisse, Karlissa B. Krombein, Washington, D. C., Burge, Shults, Driscoll & Driscoll, William W. Burge, Houston, for appellants.

Robert M. Collie, Jr., Houston, for appellees.

COLEMAN, Chief Justice.

This is a mandamus case brought under Article 1735a, Vernon's Ann.Civ.Stat. The

petitioners seek to compel the city council of the city of Houston to submit to the voters of the city an amendment to the city charter. The mandamus will be denied.

The amendment proposed by petition and several others were ordered to be submitted to the electorate by an ordinance adopted by the city council on July 11, 1979. On July 18, 1979, the United States Attorney General, acting on a submission of the city under Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C.A. § 1971 et seq., refused to preclear the holding of an election throughout the City of Houston on any proposed amendment other than that of amending the city's charter to change a system of electing the members of the city council. The basis for such action was that prior city annexations had resulted in the impermissible dilution of the voting rights of persons protected by the Voting Rights Act. The Attorney General determined that the amendment to increase the number of city councilmen and altering the form of electing the city council would ameliorate the effect of such annexations and would, therefore, be permitted under Section 5 of the Voting Rights Act of 1965.

On July 19, 1979, a three judge United States District Court, upon the motion of the United States, enjoined the holding of the proposed election on any amendment except the amendment to alter the method for election of the city council. On July 19, 1979, the city council by ordinance amended its election order of July 11 to exclude all but this single proposed amendment.

On August 11, 1979, the election was held as ordered, and the proposed amendment was adopted. Thereafter the election was duly canvassed, the result declared, and the amendment recorded with the Texas Secretary of State.

The petitioners have brought this original proceeding under Article 1735a, supra, which provides in part that this court shall have jurisdiction and authority to issue a writ of mandamus, ". . . against any public officer . . . to compel the performance, in accordance with the laws of this state, of any duty imposed upon them, respectively by law . . . in connection with the holding of any . . . special . . . election . . . ."

█ This court may compel by writ of mandamus the performance by the officials of the City of Houston of any duty imposed upon them by the law in connection with the holding of charter amendment elections. However, the duty of the officer must be one clearly fixed and required by the law, or the writ will not issue. *Oney v. Ammerman*, 458 S.W.2d 54 (Tex.1970).

█ Mandamus will not issue to compel a public officer to perform an official act unless the complaining party shows a clear right to such performance and a clear duty to perform by the officer. Neither the right nor the duty can be thus shown where an issue of fact is raised by the duly authenticated pleadings. In such a situation the appellate court has no jurisdiction of the suit. *City of Galveston v. Mann*, 135 Tex. 319, 143 S.W.2d 1028 (1940).

Article 1170, V.A.C.S., provides:

"When the governing body desires to submit amendments to any existing charter, said body may on its own motion, in the absence of a petition, and shall, upon receiving a petition signed by qualified voters in such city, town or political subdivision in number not less than five per cent (5%) thereof or 20,000 signatures, whichever is less, submit any proposed amendment or amendments to such charter . . ."

Article 11, § 5, Vernon's Ann.Tex.Const., authorizes the amendment of city charters of cities in excess of 5,000 population, and provides in pertinent part: "No city charter shall be altered, amended or repealed oftener than every two years." The enabling statute to this amendment, Article 1165, V.A.C.S., provides in pertinent part: ". . . no city charter shall be altered, amended or repealed oftener than every two years."

The legal right to a charter amendment election granted by Article 1170, supra, is conditioned upon the observance of the two year prohibition found in the constitution

and general law. Since the city charter of the City of Houston was amended on August 11, 1979, no election may be called or compelled by a writ of mandamus to be held prior to the expiration of two years from the amendment. *State v. City Commission of San Angelo*, 101 S.W.2d 360 (Tex.Civ.App.—Austin 1937, writ ref'd.).

It is established that at the time the petition for the tax limitation amendment to the City Charter was presented, it complied with Article 1170, supra, and that the applicable law required the City of Houston to call an election on said charter amendment at the next permissible election date. The city recognized its duty, and on September 13, 1978, passed Resolution No. 78–48 which evidenced its intent to place the proposed charter amendment on the ballot on the next permissible election date under the provision of § 2.01b Texas Election Code. Subsequently the city enacted an ordinance ordering a special election to be held on August 11, 1979, for the purpose of submitting to the voters certain propositions for the amendment of the city charter, including the amendment initiated by citizen petition. In Civil Action No. H–78–2174 and H–78–2407 entitled *Moses Leroy et al. v. The City of Houston et al.* in the District Court of the Southern District of Texas, the court enjoined the City of Houston from conducting an election scheduled for August 11, 1979, because such action would be a violation of Section 5 of the Voting Rights Act, 42 U.S.C. 1973c. That court also found that the proposition relating to changes in the method of electing councilmen had obtained the necessary Section 5 preclearance and thus could be submitted to the voters at the proposed election. Thereafter, the city council enacted an ordinance amending Ordinance No. 79–1162, passed on July 11, 1979, to provide for the submission of only the one amendment to the charter at the August 11 election.

■ The Voting Rights Act of 1965 is an Act of Congress of general application, and under the supremacy clause to the United States Constitution overrides the provision of the Texas Constitution requiring the submission to the electorate of a citizen initiated charter amendment. Since this act prohibited the City of Houston from submitting to the voters of the city the proposed charter amendment at the proposed time, the officials of the city were entitled to exercise their discretion as to whether or not an election on the proposed amendment to change the manner of electing city council members should be held. These officials were not required to call a charter amendment election on this question, but they were authorized to do so by the Constitution and Laws of the State of Texas, and were not prohibited from doing so by virtue of Section 5 of the Voting Rights Act of 1965. We cannot say as a matter of law that the action of the city council in calling this election was arbitrary and capricious because it had the practical effect of denying petitioner's right to an election under Article 1170.

■ Petitioner's rights under Article 1170 are limited by the prohibition in Article 1165 and in the Constitution of Texas against charter amendments more often than once in two years. As a result the city council had no clear legal duty to call an election on petitioner's proposed amendment after the legal obstacles to such an election by reason of Section 5 of the Voting Rights Act of 1965 were eliminated. *Bozarth v. City of Denison*, 559 S.W.2d 378 (Tex.Civ.App.—Dallas 1977).

No question is raised by the record in this case as to whether the proposal submitted to the voters was submitted arbitrarily and in bad faith for the purpose of defeating petitioner's rights. The city council attempted to submit petitioner's proposal and was prevented from doing so by legal action. The record shows that the amendment voted on was necessary in order to permit the city to hold future elections.

■ Mandamus does not lie to compel city officials to hold a city charter amendment election within two years of a prior amendment to the charter. *State v. City Commission of San Angelo et al.*, 101 S.W.2d 360 (Tex.Civ.App.—Austin 1937). A writ of mandamus will not lie to compel

**150**

election officials to take action which violates a constitutional provision. *Eades v. Drake*, 160 Tex. 381, 332 S.W.2d 553 (1960).

The application for writ of mandamus is denied.

DOYLE and WALLACE, JJ., also sitting.