**Miguel (Mike) ESTRADA, Relator,**

v.

**The Honorable Hilda ADAME (Mayor of the City of Donna), Respondent.**

**No. 13–97–247–CV.**

Court of Appeals of Texas, Corpus Christi.

July 24, 1997.

Rehearing Overruled Aug. 28, 1997.

Rene B. Gonzalez, Brownsville, for Relator.

Leandro David Martinez, City Attorney, Donna, for Respondent.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION

CHAVEZ, Justice.

Relator seeks the issuance of a writ of mandamus pursuant to section 273.061 of the Texas Election Code.[1] We will grant relief.

### Facts

Relator was a candidate for the office of Donna, Texas city councilman, Place 4, in the May 3, 1997, municipal election in Donna. Respondent is Donna's mayor. The real party in interest is David Moreno, who won a plurality of votes for Place 4 on the Donna City Council, and was installed to that office.

In the general election held May 3, 1997, three candidates vied for the Place 4 position on the Donna City Council. The results were as follows:

| | |
|---|---|
| Real party in interest | 668 votes |
| Relator | 653 votes |
| Clemente Garza | 444 votes |

On May 5, 1997, the votes were canvassed and the real party in interest was declared the winner and sworn into office.

By way of background, we note that members of the Donna City Council are elected to three-year terms. DONNA, TEX., HOME RULE

---

**1.** "The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any *duty imposed by law* in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer." TEX. ELEC.CODE ANN. § 273.061 (Vernon 1986) (emphasis added).

CHARTER, art. II, § 1. The Texas Constitution provides, therefore, that members of the Donna City Council must be elected by a majority vote (and not by mere plurality). TEX. CONST. art. XI, § 11 (Vernon 1993). Relator surmises that the foregoing authorities entitle him to a runoff against the real party in interest. TEX. ELEC.CODE ANN. §§ 2.021, 2.023 (Vernon 1986).

Since the election results were canvassed on May 5, 1997, respondent was under statutory compulsion to order a runoff for the Place 4 position by May 10, 1997. TEX. ELEC.CODE ANN. §§ 2.024 ("Not later than the fifth day after the date the final canvass of the main election is completed, the authority responsible for ordering the main election shall order the runoff election."), 3.004 (Vernon 1986). Instead, the real party in interest was sworn into office—on the basis of a mere plurality of votes—on May 5, 1997, the same date in which votes were canvassed. As Moreno had been sworn into office immediately after the votes were canvassed, the May 10, 1997, deadline, which was effectively nullified when the real party in interest was administered the oath of office, passed with no further action by respondent.

The instant proceeding was commenced on May 13, 1997, eight days after the real party in interest was sworn into office. Relator complains that Mayor Hilda Adame's failure to order a runoff warrants correction by writ of mandamus.

### Standard for writ issuance

The familiar standard governing mandamus dictates that the writ will only lie (1) to correct a clear abuse of discretion or *violation of duty imposed by law*, (2) when no adequate remedy at law exists. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). We see no reason to review the actions of an election officer by a different standard than the familiar standard for mandamus issuance applied *vis-a-vis* trial judges. *See, e.g., Wentworth v. Meyer*, 837 S.W.2d 148, 151 (Tex.App.—San Antonio 1992, orig. proceeding), *rev'd on other grounds*, 839 S.W.2d 766 (Tex.1992).

Mandamus is appropriate only when the election officer's duty to act is clear. *Oney v. Ammerman*, 458 S.W.2d 54, 54 (Tex. 1970); *Burns v. Kelly*, 658 S.W.2d 731, 733 (Tex.App.—Fort Worth 1983, orig. proceeding); *Taxpayers' Political Action Comm. v. City of Houston*, 596 S.W.2d 147, 148 (Tex. Civ.App.—Houston [1st Dist.] 1979, orig. proceeding). Put differently, the relator must clearly be entitled to the performance of the respondent's duty. *See Callahan v. Giles*, 137 Tex. 571, 155 S.W.2d 793, 795 (1941). Short of mandamus, the relator must have no other plain, adequate and complete method of redressing the wrong, or of obtaining the relief to which he is entitled, so that, without the issuance of the writ, there would be a failure of justice. *See Ramirez v. Flores*, 505 S.W.2d 406, 411 (Tex.Civ.App.—San Antonio 1973, writ ref'd n.r.e.).

### Discussion

Pursuant to the constitutional and statutory authorities cited above, respondent was statutorily *required* to order a runoff by May 10, 1997, which was five days after the votes were canvassed. *See, e.g.,* TEX. CONST. art. XI, § 11 (Vernon 1993); TEX. ELEC.CODE ANN. §§ 2.021, 2.023, 2.024, 3.004 (Vernon 1986). In contravention of respondent's clear legal duty, the real party in interest was sworn into office on May 5, 1997. Respondent, in failing to order a runoff, has violated a duty imposed by law. We therefore consider whether an adequate remedy at law exists.

The only arguably applicable remedy at law under the instant facts would be *quo warranto*. An action in *quo warranto*, though brought in the name of the State, may be filed by the appropriate authority at the behest of relator. TEX. CIV. PRAC. & REM.CODE ANN. §§ 66.001, 66.002 (Vernon 1986). This remedy, if properly effectuated, may achieve the removal of the real party in interest from Place 4 of the Donna City Council. *Id.* § 66.003 (Vernon 1986). However, *quo warranto* is an inadequate remedy in the instant case because (1) the action may not be brought directly by the relator, and (2) even if the action were properly effectuated, relator's goal of receiving the runoff to

which he is entitled would not be achieved thereby. Aside from the extraordinary writ of mandamus, relator lacks an adequate remedy for obtaining a runoff.[2]

Respondent urges us to follow decisions such as *Stanford v. Butler*, 142 Tex. 692, 181 S.W.2d 269, 273 (1944), which states that the contemporaneous construction of statutes by persons charged with their enforcement, though not absolutely controlling, is entitled to great weight in determining the meaning of ambiguous statutory provisions, especially where such construction has been sanctioned by long acquiescence. Be that as it may, the instant facts present no statutory ambiguity. Therefore, we are not persuaded by the fact that the City of Donna may have long ignored or misapplied—even if unwittingly— state election laws. Public policy in our democratic system requires rigorous adherence to the rules governing the popular selection of public officials.

The petition for writ of mandamus is GRANTED, and the writ shall issue forthwith. Pursuant to this opinion, the Place 4 position on the Donna City Council is ORDERED vacated, effective immediately. Mayor Adame shall order a runoff election for the Place 4 position on the Donna City Council, based on the election conducted May 3, 1997. The runoff shall occur within thirty days hereof.

SEERDEN, C.J., dissents.

SEERDEN, Chief Justice, dissenting.

I dissent from the majority opinion granting mandamus relief. I would deny Miguel Estrada's petition for writ of mandamus on the ground that this Court no longer has the authority by mandamus to order the Mayor of Donna to hold a run-off election for an office that has already been assumed by the plurality winner of the original election.

The Texas Election Code allows the Texas Supreme Court or a Court of Appeals to issue a writ of mandamus "to compel the performance of any duty imposed by law in connection with the holding of an election." TEX. ELEC. CODE ANN. § 273.061 (Vernon 1986). Estrada, however, requests a writ of mandamus to compel the Mayor of Donna to call a runoff election for a council seat which has already been assumed by David Moreno. With the presumed winner already sworn into office and seated on the council, the election process about which Estrada complains is now over, and therefore beyond the power of this Court to correct by a section 273.061 election code mandamus. Any effective remedy must now entail the ousting of Moreno from office.

Mandamus, however, will not lie to remove an elected public official from office. In *Villarreal v. Bustamante*, 480 S.W.2d 231, 232 (Tex.Civ.App.—San Antonio 1972, orig. proceeding), the court denied a petition for a writ of mandamus to force the chairman of a Zapata county political party executive committee to certify the relator as a candidate for a county precinct commissioner in a party primary election. The relator alleged the ineligibility of the incumbent to continue holding office because he no longer lived within the precinct boundaries due to the drastically redefined precinct lines. By re-

---

**2.** The dissent contends that relator is availed of the remedies of *quo warranto* and/or election contest. We disagree. *Quo warranto* is inapplicable for reasons set forth above, and the remedy of election contest, set forth in Title 14 of the Texas Election Code, is also untenable under the instant facts. Title 14 is inapplicable for the reason that relator complains of actions occurring after election day (and, further, after the canvass). While the statute controlling the scope of inquiry of an election contest, section 221.003 of the Texas Election Code, addresses the "illegal conduct" and/or "mistake[s]" of election officials, we have previously noted that "in an election contest only such matters happening on the day of the election" are valid bases for complaint. *Diaz v. Valadez*, 520 S.W.2d 458, 459 (Tex.Civ.App.—Corpus Christi 1975, no writ) (citing *Oser v. Cullen*, 435 S.W.2d 896, 900 (Tex.Civ. App.—Houston [1st Dist.] 1968, writ dism'd)). This proposition has been recognized in other Texas decisions. *See, e.g., Frias v. Board of Trustees of Ector County*, 584 S.W.2d 944, 947 (Tex.Civ.App.—El Paso 1979), *cert. denied*, 444 U.S. 996, 100 S.Ct. 531, 62 L.Ed.2d 426 (1979); *Stelzer v. Huddleston*, 526 S.W.2d 710, 714 (Tex. Civ.App.—Tyler 1975, writ dism'd); *Hodges v. Cofer*, 449 S.W.2d 836, 838 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n.r.e.); *see also*, 31A TEX. JUR.3D *Elections* § 339 (1994); 22 ISAAC M. SINGER, TEXAS PRACTICE § 350 (1976). Thus, the remedy of election contest is not available to relator under the instant facts.

questing that his name be placed on the primary ballot, the relator called into question the incumbent's right to hold office, since the latter did not come up for re-election for two more years. The San Antonio Court of Appeals determined that mandamus is not available to challenge eligibility, right to hold office, or the validity of the underlying election. *Villarreal,* 480 S.W.2d at 232. Other cases suggest that an attack on the election, authority, and right to hold office of a de facto public official must be made either through a statutory election contest or a quo warranto proceeding. *Pyote Independent School District v. Estes,* 390 S.W.2d 3, 5 (Tex.Civ.App.—El Paso 1965, writ ref'd n.r.e.); and *Toyah Independent School District v. Pecos–Barstow Consolidated Independent School District,* 497 S.W.2d 455, 456 (Tex.Civ.App.—El Paso 1973, writ ref'd n.r.e.), *cert. denied,* 415 U.S. 991, 94 S.Ct. 1590, 39 L.Ed.2d 887 (1974). Accordingly, in the present case, mandamus is not the appropriate means to remove Moreno from office.

Once Moreno was certified as the winner and sworn into office, the election process was over and it was no longer within the mayor's power to ignore this fact by calling a runoff election. Nor is it presently within this Court's authority to issue an election code mandamus ordering the mayor to take an action that he no longer may take.

I would deny the petition for writ of mandamus as having been improvidently granted.