

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

October 11, 2000

The Honorable Juan J. Hinojosa
Chair, Committee on Criminal Jurisprudence
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0293

Re: Assuming that the term of office has expired, whether an incumbent elected official of a home-rule municipality who received a plurality of votes in the most recent election holds over in office under article XVI, section 17 of the Texas Constitution (RQ-0236-JC)

Dear Representative Hinojosa:

If a home-rule municipality sets terms of office at more than two but less than four years, article XI, section 11 of the Texas Constitution requires that an elected officer win "by majority vote of the qualified voters." TEX. CONST. art. XI, § 11. Under another constitutional provision, article XVI, section 17, every officer "within this State" holds office until a successor is "duly qualified." *Id.* art. XVI, § 17. You ask whether an incumbent official who, in his or her most recent attempt to be reelected, received a plurality, not a majority, of the votes holds over in office pending the runoff election.[1] Assuming that the incumbent's term of office has expired, we conclude that the incumbent holds over until after the runoff, when his or her successor (which may be the incumbent) is duly qualified.

You state that the City of Elsa held an election on May 6, 2000, for commissioner, place 3. *See* Request Letter, note 1, at 1. The incumbent, Pete Riojas, garnered 755 votes; Leo Gonzalez received 719 votes; and Bene Valdez received 99 votes. *See id.* Although the City of Elsa is a home-rule city whose charter requires election by plurality, the city believes *Estrada v. Adame*, 951 S.W.2d 165 (Tex. App.–Corpus Christi 1997, no writ), requires election by majority. *See* Request Letter, note 1, at 1. Because of *Estrada*, the mayor of Elsa did not permit Riojas to be sworn in as commissioner for place 3. *See id.* at 2. Rather, a runoff election was called and held on June 3, 2000. *See id.* In addition, and especially relevant to your question, the mayor intended to declare the commissioner, place 3, seat vacant pending the runoff election. *See id.* You ask, in essence, whether the mayor has correctly interpreted *Estrada* and other relevant law to require that Riojas' seat be declared vacant pending the runoff election.

---

[1]*See* Letter from Honorable Juan J. Hinojosa, Chair, Committee on Criminal Jurisprudence, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (May 22, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

*Estrada* is based, in pertinent part, upon article XI, section 11 of the Texas Constitution. *See Estrada*, 951 S.W.2d at 167. Article XI, section 11 permits a home-rule municipality, by charter or charter amendment, to provide *"by majority vote* of the qualified voters voting at an election . . . , for a longer term of office than two (2) years for its officers, . . . but not to exceed four (4) years." TEX. CONST. art. XI, § 11 (emphasis added). As this office explained in Attorney General Opinion JM-179, article XI, section 11 ensures "that a majority vote, rather than a plurality vote, of the qualified voters so voting is necessary in an election for members of the governing body of a home rule city." Tex. Att'y Gen. Op. No. JM-179 (1984) at 1-2.

*Estrada* was an action to mandamus the mayor of the City of Donna to order a runoff election. *See Estrada*, 951 S.W.2d at 166; TEX. ELEC. CODE ANN. § 273.061 (Vernon 1986) (granting jurisdiction to "issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election"). The relator was a candidate for the office of Donna city councilman, place 4, in the May 3, 1997, municipal election. *See Estrada*, 951 S.W.2d at 166. Of three candidates for the place 4 position, the relator received the second highest number of votes, but the candidate who received the highest number of votes received only a plurality. *See id.* The candidate who received a plurality of the votes was "declared the winner and sworn into office." *Id.*

Because members of the Donna City Council are elected to three-year terms, the city must comply with article XI, section 11 of the Constitution: "[M]embers of the Donna City Council must be elected by a majority vote (and not by mere plurality)." *Id.* at 166-67; *cf.* Tex. Att'y Gen. Op. No. JM-179 (1984) at 1-2. The relator insisted that article XI, section 11, as well as some provisions in the Election Code, "entitle him to a runoff against" the highest vote-getter. *Estrada*, 951 S.W.2d at 167; *see also* TEX. ELEC. CODE ANN. §§ 2.021, .023 (Vernon 1986). The court agreed that the mayor was compelled to order a runoff and granted the petition for writ of mandamus. *See Estrada*, 951 S.W.2d at 167, 168. The court also ordered the place 4 position vacated. *See id.* at 168.

Consistently with article XI, section 11 of the Texas Constitution, Attorney General Opinion JM-179, and *Estrada*, we agree that the office of commissioner, place 3, of the City of Elsa must be elected by a majority vote. A plurality vote is insufficient. *See* TEX. CONST. art. XI, § 11; *Estrada*, 951 S.W.2d at 167; Tex. Att'y Gen. Op. No. JM-179 (1984) at 1-2. In the event of a plurality vote, the appropriate official must order a runoff election. *See Estrada*, 951 S.W.2d at 167. If the mayor of the City of Elsa is the appropriate authority to order a runoff election, the mayor correctly ordered the June 3, 2000 runoff.

But the issue you ask remains: under article XVI, section 17 of the Texas Constitution, whether the incumbent who has received a plurality but not a majority of the votes cast holds over in office or whether the office is vacant. If the incumbent does not hold over, the office is vacant and a successor may be appointed.

We assume, as you appear to, that the incumbent's term of office expired after the plurality election. Article XVI, section 17, the constitutional holdover provision, becomes operative only after an officer's term of office has expired. *See* Tex. Att'y Gen. Op. No. JM-423 (1986) at 3. Normally, the regular term of office of an elective state, district, county, or precinct office "begins on January 1 of the year following the general election." TEX. GOV'T CODE ANN. § 601.003(a) (Vernon 1994). Municipal elective officers are not subject to this requirement by statute, however.

Under article XVI, section 17 of the Texas Constitution, an officer in this state "continue[s] to perform the duties of. . . office[]," or holds over in office, until a successor is duly qualified. TEX. CONST. art. XVI, § 17. A successor may be chosen either by election by majority vote or, if the office is vacant, by appointment. *See Plains Common Consol. Sch. Dist. No. 1 v. Hayhurst*, 122 S.W.2d 322, 326-27 (Tex. Civ. App.–Amarillo 1938, no writ) (discussing holdover provision).

*Estrada* does not dispose of this holdover issue. Riojas, the high vote-getter in the situation about which you ask, was an incumbent. *See* Request Letter, *supra* note 1, at 1. It does not appear from the judicial opinion that the person who received the most votes in *Estrada* was likewise an incumbent. *See Estrada*, 951 S.W.2d at 166. The holdover issue you raise appears to be one of first impression.

We conclude that article XVI, section 17 applies here. In general, that constitutional provision "does not apply to vacancies created by operation of the constitution." Tex. Att'y Gen. Op. No. DM-377 (1996) at 4. But article XI, section 11 does not create a vacancy in office should an election result in a plurality vote. *See* TEX. CONST. art. XI, § 11. It requires only election by a majority vote. Other constitutional provisions, by contrast, create vacancies, and article XVI, section 17 generally does not apply to those vacancies. *See* Tex. Att'y Gen. Op. No. DM-377 (1996) at 3-4 (and cases cited therein). For example, article XVI, section 17 does not apply to an officer who has vacated office by operation of article XVI, section 40, which generally prohibits a person from simultaneously holding "more than one civil office of emolument." *Id.* at 3 (citing *Pruitt v. Glen Rose Indep. Sch. Dist. No. 1*, 84 S.W.2d 1004, 1007 (Tex. 1935)). Nor does article XVI, section 17 apply to an officer who is ineligible to hold a state office of profit or trust under article XVI, section 12, which deems ineligible for such office a person who holds or exercises a federal office of profit or trust. *Id.* at 3-4 (citing *Lowe v. State*, 201 S.W. 986 (Tex. Crim. App. 1918)).

Because article XI, section 11 does not create a vacancy, article XVI, section 17 applies to an incumbent officer who has received only a plurality in his or her quest for reelection, and the incumbent holds over in office until his or her successor is duly qualified. Consequently, assuming that Riojas' term of office expired, he holds over in office until a successor is duly qualified, whether the successor be the candidate who receives the majority vote in the run-off election (possibly Riojas himself), or a person appointed by the appropriate authority.

## S U M M A R Y

In a home-rule municipality that has established terms of office longer than two years but no longer than four years, article XVI, section 17 of the Texas Constitution applies to a situation in which an incumbent municipal commissioner receives only a plurality of the votes cast at an election for the incumbent's reelection. Assuming that the incumbent's term of office has expired, the incumbent holds over in office until a successor is duly qualified, whether the successor receives the majority vote in the run-off election (and may be the incumbent his- or herself), or is a person appointed by the appropriate authority.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee