TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00283-CV






Albert Hawkins, Commissioner of Health and Human Services, and The Texas Health and
Human Services Commission, Appellants


v.


Community Health Choice, Inc., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT

NO. GN300106, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING





O P I N I O N




 This is an appeal from the issuance of a writ of mandamus compelling appellant,
Albert Hawkins, the Commissioner of the Texas Health and Human Services ("Commissioner"), to
refer a contested issue to the State Office of Administrative Hearings ("SOAH"). Appellee,
Community Health Choice, Inc. ("Community"), was under contract with appellant, the Texas
Department of Human Services ("Department"). A dispute arose between the parties, and after
several months of unsuccessful negotiations, appellee notified the Department of its intent to sue for
breach. Once notified, the Department was required by statute to refer the dispute to SOAH. It
refused to do so based on appellee's failure to give it timely notice. Appellee sued and requested the
trial court to issue a writ of mandamus directing the Commissioner to refer the suit to SOAH. The
trial court granted appellee's summary judgment and issued the writ to the Commissioner. 
Appellants have appealed. We will affirm the trial court's summary judgment.


PROCEDURAL AND FACTUAL BACKGROUND


 Appellee was under contract with the Department to provide managed care to
Medicaid enrollees under the state's managed care program, State of Texas Access Reform
("STAR"). See 1 Tex. Admin. Code § 353.2(13) (2003). On June 5, 2002, appellee sent a letter to
the Department demanding reimbursement for the money it paid on claims of a child it believed did
not meet STAR's eligibility requirements. The Department responded on June 18, 2002, and denied
appellee's claims for reimbursement. On October 3, 2002, appellee wrote another letter threatening
suit if reimbursement were not received by October 11, 2002 and asked the Department to refer the
dispute to SOAH pursuant to chapter 2260 of the government code (1) if the Department refused to
make payment. Three weeks later, on October 24, the Department responded and stated that it would
not refer the matter to SOAH because appellee had failed to "provide written notice to HHSC
[Health and Human Services Commission] of a claim for breach of contract 'not later than the 180th
day after the date of the event giving rise to the claim.'" Appellee responded on October 29, 2002,
suggesting that if appellee's notice were untimely, then the Department could raise that issue at the
SOAH hearing. In letters dated November 18 and December 16, 2002, the Department concluded
that appellee's failure to provide timely notice deprived SOAH of jurisdiction over the dispute. (2) It
said: 


[I]t is the Commission's position that [Community] did not comply with the
requirements of Texas Government Code, chapter 2260, e.g., [Community] did not
timely provide notice of a claim for breach of contract to HHSC. Since [Community]
did not comply with the statutory prerequisites, SOAH does not have jurisdiction
over this dispute under Chapter 2260.



 On January 10, 2003, appellee filed suit asking for a writ of mandamus to compel the
Commissioner and the Department to submit the matter to SOAH for a contested case hearing. 
Arguing the failure to provide timely pre-suit notice deprived the court of jurisdiction, appellants
filed a plea to the jurisdiction. On April 17, 2003, the trial court denied the appellants' plea to the
jurisdiction and granted appellee's writ of mandamus compelling appellants to refer the dispute to
SOAH for resolution pursuant to the provisions of chapter 2260 of the government code. 

 Appellants raise two points of error on appeal. First, appellee's failure to provide the
Department with timely, pre-suit notice deprived the trial court of jurisdiction. Second, the trial
court erred as a matter of law in issuing the writ of mandamus. Because we find that appellants had
a clear legal duty to refer the issue to SOAH, we will affirm the issuance of the writ of mandamus.

Chapter 2260 of the government code

 Appellants argue that the notice provision in section 2260.051 of the Government
Code is a jurisdictional prerequisite to the waiver of sovereign immunity under section 107 of the
civil practice and remedies code. See Tex. Gov't Code Ann. § 2260.005 (West Supp. 2003); Tex.
Civ. Prac. & Rem. Code Ann. §§ 107.001-.005 (West 1997). Whether the trial court properly denied
appellants' plea to the jurisdiction is a question of law we examine de novo. Texas Dep't. of Health
v. Doe, 994 S.W.2d 890, 892 (Tex. App.--Austin 1999, pet. dism'd by agr.).

 Before a party may sue the state for breach of contract, it must comply with the
provisions of chapter 2260 of the government code. Tex. Gov't Code Ann. § 2260.005; Tex. Civ.
Prac. & Rem. Code Ann. §§ 107.001-.005 (permission to sue state). Section 2260.051 provides that
before suing the state for breach of contract, the party must "provide written notice . . . not later than
the 180th day after the date of the event giving rise to the claim." Tex. Gov't Code Ann. § 2260.051
(West 2000). The notice must specify: "(1) the nature of the alleged breach; (2) the amount the
contractor seeks as damages; and (3) the legal theory of recovery." Id. The state must assert its
counterclaims in writing to the contractor within ninety days of receipt of the notice. Id. Once
notice is given, the "chief administrative officer" of the agency sued or "another officer," as
designated in the contract, must examine the claim and negotiate with the contractor to resolve the
dispute. Id. § 2260.052 (West 2000). The negotiations must begin no later than the sixtieth day after
"(1) the date of termination of the contract; (2) the completion date in the original contract; or (3)
the date the claim is received," whichever is latest. Id. If negotiations do not resolve the dispute
within 270 days after the date the claim is filed with the state agency or if the party is dissatisfied
with the outcome of the negotiations, the party may file a request for a contested case hearing with
SOAH. Id. §§ 2260.055, .102 (West 2000). Upon receipt of the request for a contested-case hearing,
the agency "shall" refer the dispute to SOAH. Id. § 2260.102. 

 Appellants cite General Services Commission v. Little-Tex Insulation Co., 39 S.W.3d
591, 597 (Tex. 2001), and State v. Kreider, 44 S.W.3d 258, 264 (Tex. App.--Fort Worth 2001, pet.
denied), for the proposition that the failure to give proper notice under chapter 2260 deprives a party
of its right to sue the state for breach of contract. See Tex. Gov't Code Ann. § 2260.051. The
supreme court in Little-Tex said that "there is but one route to the courthouse for breach-of-contract
claims against the State, and that route is through the Legislature. . . . Compliance with Chapter
2260, therefore, is a necessary step before a party can petition to sue the State." 39 S.W.3d at 597. 
In Kreider, the court held that failure to give timely notice under the Texas Tort Claims Act
prevented suit against the state. 44 S.W.3d at 264. While we agree that proper notice is a
prerequisite to suit under chapter 2260, the issue here is whether appellee has in fact complied with
the notice provisions of chapter 2260. This is a disputed question of fact that should be presented
to SOAH. Appellants would have us read Little-Tex to mean that the referring agency has the
exclusive authority to decide whether and to what extent an adverse party is in compliance with
chapter 2260. In addition to the various notice provisions of chapter 2260 (see Tex. Gov't Code
Ann. §§ 2260.051 (timeliness of initial claim), .052 (negotiations), .055 (incomplete resolution), and
.056 (unsatisfactory resolution)), chapter 2260 contains other procedural and substantive
prerequisites to suit. See Tex. Gov't Code Ann. §§ 2260.004 (required contract provision), .051(c)
(substantive sufficiency of the notice), .052 (required negotiation), .053 (partial resolution of claim),
.054 (payment of claim), .102 (substantive sufficiency of request for hearing). Were the agency
charged with making the referral the ultimate finder of fact, then conceivably no issues of fact would
make it past the agency determination. Such a reading would essentially eliminate the need for a
referral to SOAH altogether and frustrate the legislature's intent to provide an alternate procedure
of resolving contractual disputes with government agencies.

 In Flores v. Employees Retirement System, we commented on SOAH's role as a
neutral fact-finder. 74 S.W.3d 532, 540 (Tex. App.--Austin 2002, pet. denied). Before the creation
of SOAH, hearing examiners were employed by and accountable only to the litigant-agency. See id. 
We observed that "[g]iven that the resolution of disputed adjudicative facts requires weighing the
evidence and making credibility determinations, a neutral decision-maker is crucial to a fair
adjudicatory hearing." Id.; see also Tex. Gov't Code Ann. § 2003.021 (West Supp. 2003) (SOAH
was "created to serve as an independent forum for the conduct of adjudicative hearings in the
executive branch of state government."). SOAH is empowered to determine "adjudicative facts,"
those that answer "who, what, when, where and how" and are "roughly the kind of facts that go to
a jury in a jury case." Flores, 74 S.W.3d at 539. Surely, fairness factors are at play in this case. 
Were the state agency the sole fact-finder, then possibly every breach of contract claim against the
state would rise or fall based on that agency's potentially self-interested interpretation of the
prerequisites of chapter 2260 and its assessment of compliance with those prerequisites by the party
bringing the claims. Such a proposition could not be considered the "fair adjudicatory hearing" by
a "neutral decision-maker" as contemplated in Flores. We hold that appellants are not the agency
charged with deciding disputed questions of fact under chapter 2260; consequently, appellants' first
point of error is overruled.


Writ of mandamus

 Appellants also argue that the trial court erred in issuing the writ of mandamus
because the agency did not have a clear legal duty to refer the case to SOAH since appellee failed
to provide timely notice. A writ of mandamus is proper to compel a public official to perform a
ministerial act. Anderson v. City of Seven Points, 806 S.W.2d 791, 793 (Tex. 1991). "An act is
ministerial when the law clearly spells out the duty to be performed by the official with sufficient
certainty that nothing is left to the exercise of discretion." Id. In addition to a clear legal duty to
perform a nondiscretionary act, there must have been a demand for performance and a subsequent
refusal. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). Appellee moved for summary
judgment on the grounds appellants had a clear legal duty to refer the dispute to SOAH. The trial
court granted the motion without specifying the grounds. When the trial court does not specify the
basis for its summary judgment, the appealing party must show it is error to base it on any ground
asserted in the motion. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). We must
affirm the summary judgment if any one of the movant's theories has merit. Id. Because we find
that appellee was clearly entitled to the performance of the respondent's duty, we affirm the
summary judgment.

 The essential elements for the issuance of a writ of mandamus were met. Appellants
had a clear legal duty to refer the dispute over the timeliness of appellee's notice to SOAH. Section
2260.102 states that: 

(a) If a contractor is not satisfied with the results of negotiation with a unit of state
government under Section 2260.052, the contractor may file a request for a
hearing with the unit of state government. 


. . . .


(c) On receipt of a request under Subsection (a), the unit of state government shall
refer the claim to the State Office of Administrative Hearings for a contested
case hearing under Chapter 2001, Government Code, as to the issues raised by
the request. 



As indicated above, a referral to SOAH was non-discretionary; demand was made for the referral
and appellee's demand was refused.

 Appellants also argue that the appellee's failure to give timely notice barred the use
of mandamus as a remedy. See Oney v. Ammerman, 458 S.W.2d 54, 54-55 (Tex. 1970); Boone v.
McGee, 280 S.W. 295, 297 (Tex. Civ. App.--Austin 1926, no writ). In Oney, the supreme court
held that mandamus was improper where candidates for elected office failed to file affidavits and
statements of their intention to run for office by the state deadline. See 458 S.W.2d at 54-55. In
Boone, this Court quoted Texas Mexican Railway Co. v. Jarvis, 15 S. W. 1089 (Tex. 1891), for the
proposition that "mandamus will not issue to enforce a right which is contingent or incomplete by
reason of condition precedent which is still to be performed by the petitioner or relator, or which is
contingent upon the further act of a third person or tribunal." See id.

 Appellants' cases are inapplicable because in those cases it was clear that one party
failed to comply with a condition precedent. Again, we do not know whether appellee failed to give
timely notice and deciding that issue depends on the resolution of a fact issue. SOAH has the power
to find facts and make conclusions of law. Tex. Gov't Code Ann. § 2001.141 (West 1995). The
condition precedent to appellants' clear legal duty to perform was receipt of appellee's request. Id.
§ 2260.102. Once the request was made, appellants were compelled to act in compliance with the
statute; therefore, we overrule appellants' second point of error.


CONCLUSION


 Chapter 2260 was enacted to provide a limited waiver of sovereign immunity when
the state has allegedly breached a contract. Upon notification, the state must refer the contractual
dispute to SOAH. We hold that a question regarding whether a party has in fact complied with the
pre-suit notice requirements of chapter 2260 is a question of fact that, like the issues underlying the
breach-of-contract claim, must be referred to SOAH. We affirm the trial court's summary judgment.



 

 David Puryear, Justice

Before Chief Justice Law, Justices Kidd and Puryear

Affirmed

Filed: January 23, 2004

1. Tex. Gov't Code Ann. §§ 2260.001-.108 (West 2000 & Supp. 2003).
2. To the extent that appellants attempt to argue that SOAH did not have jurisdiction to
consider the disputed issue of fact, the argument has not been briefed. As we discuss below, the
issue is not whether SOAH had jurisdiction but whether the Department had a clear legal duty to
refer the dispute to SOAH upon request. See Tex. Gov't Code Ann. § 2260.102 (West 2000).