

KEN PAXTON

ATTORNEY GENERAL OF TEXAS

February 24, 2023

The Honorable Luis V. Saenz
Cameron County District Attorney
964 East Harrison Street, Fourth Floor
Brownsville, Texas 78520

**Opinion No. KP-0433**

Re: Commencement of the terms of city council positions after an election under Texas Constitution article XI, section 11, and the validity of the election in particular circumstances (RQ-0472-KP)

Dear Mr. Saenz:

You write to ask several questions on behalf of the city attorney of the City of Combes ("City"), a Type A general-law municipality.[1] You tell us that on May 7, 2022, the City held: (1) a general election to fill three aldermen[2] positions; and (2) a special election on the question of whether to extend the terms of office of the mayor and aldermen from two to four years. *See* Request Letter at 1–2. You further tell us that the ballot at the general election listed six candidates and instructed voters to "Vote for None, One, [T]wo or Three" of the candidates. *Id.* at 2; Attachment at 4. The three winning candidates received 26.39%, 23.77%, and 22.99% of the vote, respectively, and were sworn into office on May 18, 2022.[3] You explain that the ballot proposition[4] presented to the voters at the special election read as follows: "To Extend Combes Mayor &

[1]*See* Letter and Attachment from Honorable Luis V. Saenz, Cameron Cnty. Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Aug. 15, 2022), https://texasattorneygeneral.gov/sites/default/files/request-files/request/2022/RQ0472KP.pdf ("Request Letter" and "Attachment," respectively); Letter from Honorable Luis V. Saenz, Cameron Cnty. Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Nov. 4, 2022) (on file with the Op. Comm.).

[2]You use the term "city commissioner" to describe members of the City's governing body. *See* Request Letter at 1. We use the term "aldermen" because that is the statutory term used to describe members of the governing body for a Type A general-law municipality. *See, e.g.*, TEX. LOC. GOV'T CODE § 22.031.

[3]*See* Official Minutes for City of Combes Comm'rs Special Workshop of May 18, 2022 (on file with the Op. Comm.); Cameron Cnty. Elec. Dep't, SPECIAL & GENERAL ELECTION: UNOFFICIAL ELECTION RESULTS 4 (May 7, 2022), https://cameroncountytx.gov/elections/wp-content/uploads/2022/05/summary-050722-bb-debbie.pdf; *see also* TEX. LOC. GOV'T CODE § 22.036 (providing for installation of governing body).

[4]A ballot "proposition" is "the wording appearing on a ballot to identify a measure" while the "measure" is the "question or proposal submitted in an election for an expression of the voters' will." TEX. ELEC. CODE § 1.005(15), (12).

Commissioners Terms from 2 to 4 years" ("Proposition").[5] Request Letter at 1; Attachment at 4. The voters approved the Proposition.[6]

You ask: (1) whether the aldermen elected at the general election serve two- or four-year terms, given that the special election to extend the terms occurred at the same time; and (2) if the special election was "valid given that the language approved by the voters did not have an enabling date[.]" Request Letter at 2.

As an initial matter, the resolution of your questions requires consideration of factual matters, a task outside the purview of an attorney general opinion. *See* Tex. Att'y Gen. Op. No. KP-0397 (2022) at 3. Accordingly, we cannot definitively answer your questions and can only advise you of the law relevant to your questions.

**The Proposition**

The Election Code grants discretion to the authority ordering the election to prescribe the wording of a proposition unless otherwise provided by law. TEX. ELEC. CODE § 52.072(a); *see also Dacus v. Parker*, 466 S.W.3d 820, 826 (Tex. 2015) (explaining that municipalities generally have broad discretion in wording propositions). In this instance, the law does not provide the form in which the Proposition must be submitted to voters; thus, the question is whether the issue was substantially submitted to the voters with definiteness and certainty. *See Dacus*, 466 S.W.3d at 826 (holding that, in a case challenging the sufficiency of ballot language, the issue is whether the ballot substantially submits the question with such definiteness and certainty that the voters are not misled). The court in *Dacus* explained, "not every detail need be on the ballot, and short, general descriptions are often acceptable." *Id.* But "the ballot must identify the measure *by* its chief features, showing its character and purpose." *Id.* at 825. A ballot measure may be inadequate when it: (1) affirmatively misrepresents the measure's character and purpose or its chief features; or (2) misleads the voters by omitting certain chief features that reflect its character and purpose. *Id.* at 826.

A Houston Court of Appeals decision, *Bryant v. Parker*, involved a similar situation in that the court considered the challenge of a measure extending the terms of office based on the lack of transitional information. 580 S.W.3d 408 (Tex. App.—Houston [1st Dist.] 2019, pet. denied). In *Bryant*, the City of Houston sought to amend its charter "to establish four-year terms of office for City elective offices and to set a two-term limit for holding elective office two individuals challenged the following ballot language." *Id.* at 410. The proposed amendment also included provisions for transitioning from the then-existing terms, which provided for two-year terms of

---

[5]*See also* City of Combes, NOTICE OF GENERAL ELECTION FOR MUNICIPALITIES (2022), https://www.cameroncountytx.gov/elections/wp-content/uploads/2022/03/City-of-Combes-Notice-of-General-Election-2022.pdf (setting out the Proposition).

[6]*See* Official Minutes for City of Combes Comm'rs Regular Session of June 27, 2022 (on file with the Op. Comm.); *see also* Cameron Cnty. Elec. Dep't, SPECIAL & GENERAL ELECTION: UNOFFICIAL ELECTION RESULTS 4 (May 7, 2022), https://cameroncountytx.gov/elections/wp-content/uploads/2022/05/summary-050722-bb-debbie.pdf.

office and a limit of three terms in office, to the new provisions in the proposed amendment. *Id*. The following ballot language was submitted to voters:

> Relating to Term Limits for City Elective Offices) Shall the City Charter of the City of Houston be amended to reduce the number of terms of elective offices to no more than two terms in the same office and limit the length for all terms of elective office to four years, beginning in January 2016; *and provide for transition*?

*Id*. at 413 (emphasis added). Two contestants argued that the transition provisions were a chief feature of the measure and should have been included in the ballot language. *Id*. at 414–15. The court disagreed, finding the chief features of the measure were the reduction in the number of terms and length for all terms of elective office. *Id*. at 413, 415.

Similar to the measure in *Bryant*, a court would likely conclude the length of terms of office of the mayor and aldermen, not the enabling date, was the chief feature of the measure submitted to voters and that the City of Combes' May 2022 special election was not invalid because of the absence of that date in the Proposition language. *Id*.; *see also id*. at 412 (stating that when "there is no dispute regarding the language used in the measure or the language used in the ballot, the determination of whether the ballot language substantially submitted the measure with definiteness and certainty is a question of law").

### Terms of Office

Article XI, section 11, authorizes municipalities to establish municipal offices with a term exceeding two years but not exceeding four years:

> A Home Rule City may provide by charter or charter amendment, and *a city, town or village operating under the general laws may provide by majority vote of the qualified voters voting at an election called for that purpose, for a longer term of office than two (2) years for its officers, either elective or appointive, or both, but not to exceed four (4) years*[.]

TEX. CONST. art. XI, § 11(a) (emphasis added). A provision in the Local Government Code governing Type A general-law municipalities acknowledges that a two-year term may be extended pursuant to this constitutional provision. *See* TEX. LOC. GOV'T CODE § 22.035 ("The mayor and aldermen of the municipality are elected for a term of two years unless a longer term is established under Article XI, Section 11, of the Texas Constitution.").

Several changes to the election system may occur as a result of extending the term of office. First, if a municipality sets a term of office at more than two but not more than four years, article XI, section 11 requires that the municipality "elect all of the members of its governing body by

majority vote of the qualified voters . . . ."[7] TEX. CONST. art. XI, § 11(b); *see also Estrada v. Adame*, 951 S.W.2d 165, 167 (Tex. App.—Corpus Christi 1997, orig. proceeding). Prior to extending the term, the mayor and aldermen of a Type A general-law city are elected under a plurality system. *See* TEX. LOC. GOV'T CODE § 22.004 ("Plurality Vote Required for Election of Municipal Officer"); *see also* TEX. ELEC. CODE § 2.001 ("Except as otherwise provided by law, to be elected to a public office, a candidate must receive more votes than any other candidate for the office.").

Second, when a municipality extends the term of office, it may be necessary to change the system of election in order to implement the shift from a plurality to a majority system. *See Kilgore v. City of Lakeway*, No. 03-18-00598-CV, 2020 WL 913051, at *2 (Tex. App.—Austin Feb. 26, 2018) ("Once place numbers were assigned, the Secretary [of State] advised, the charter amendment could be implemented and council members (and the mayor) could be 'elected by majority to three year terms.'"); Tex. Att'y Gen. Op. No. GA-0025 (2003) at 4 ("As the secretary of state has suggested, an 'other method consistent with majority vote' for the purposes of section 275.003(d) may be election by single-member district.").

As noted previously, we do not find facts in an Attorney General opinion, but to the extent the City did not have the necessary changes in place to implement a majority system and the candidates were not elected by majority vote, a court would likely conclude the candidates elected at the May 2022 general election serve two-year terms.

---

[7]"If no candidate for a particular office receives the vote necessary to be elected in an election requiring a majority vote, a runoff election for that office is required." TEX. ELEC. CODE § 2.021; *see also Estrada*, 951 S.W.2d at 167.

Other consequences of a general-law city extending the terms of office beyond two years include: (1) having to fill vacancies by election; and (2) subjecting officers to resign-to-run in certain circumstances. *See* TEX. CONST. art. XI, § 11(a), (c); TEX. LOC. GOV'T CODE § 22.010(a) (regarding filling vacancies).

**S U M M A R Y**

A ballot measure may be inadequate when it misleads the voters by omitting certain chief features that reflect its character and purpose. A court would likely conclude the length of terms of office of the mayor and aldermen, not the enabling date, was the chief feature of the measure submitted to voters and that the City of Combes' May 2022 special election was not invalid because of the absence of that date in the Proposition language.

When a municipality sets the terms of office at more than two but not more than four years under article XI, section 11 of the Texas Constitution, it must elect members of its governing body by majority vote. To the extent the City did not have the necessary changes in place to implement a majority system and the candidates were not elected by majority vote, a court would likely conclude the candidates elected at the May 2022 general election serve two-year terms.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT E. WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

CHRISTY DRAKE-ADAMS
Assistant Attorney General, Opinion Committee