**TEXAS DEPARTMENT OF HEALTH, Appellant,**

v.

**Jane DOE, Appellee.**

**No. 03–98–00677–CV.**

Court of Appeals of Texas, Austin.

June 10, 1999.

Rehearing Overruled July 29, 1999.

Chay LeUnes, Asst. Atty. Gen., Tort Litigation Division, Austin, for Appellant.

Sylvia Cedillo, Texas Civil Rights Project, Austin, for Appellee.

Before Justices JONES, B.A. SMITH and YEAKEL.

BEA ANN SMITH, Justice.

This is an interlocutory appeal from an order denying appellant's plea to the jurisdiction and motion to dismiss. Appellee,

Jane Doe,[1] sued appellant, the Texas Department of Health ("TDH"), claiming that TDH wrongfully disclosed the positive result of her human immunodeficiency virus ("HIV") test to a non-employee nursing student without her consent. Doe sought injunctive relief, civil damages, and a declaration that TDH violated her right to confidentiality under section 81.103(a) of the Texas Health and Safety Code. *See* Tex. Health & Safety Code Ann. § 81.103(a) (West 1992). TDH filed a plea to the jurisdiction and motion to dismiss, claiming governmental immunity, which the trial court denied. We will affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe has tested positive for HIV. At the time of the alleged disclosure, she was pregnant and was receiving benefits and nutritional guidance from the Women Infants and Children ("WIC") program through TDH. A TDH clinical nurse asked Doe if she would be willing to participate as a research subject for a case study on pregnant women, and Doe agreed.[2] Doe gave permission for TDH to provide her name and phone number to the researcher conducting the study, nursing student Kyle Ditto, who came to Doe's home to interview her. Ditto was not an employee of TDH. During the interview, Doe learned that Ditto had seen her medical records and was already informed of her HIV status. Neither Ditto nor the TDH nurse had sought or obtained Doe's consent to the release of her medical information.

Doe filed suit against TDH seeking injunctive relief, civil damages, and a declaration that the disclosure of her HIV status without her express written permission violated her right to have her HIV test results kept confidential under section 81.103(a) of the Texas Health and Safety

Code, which states: "A test result is confidential. A person that possesses or has knowledge of a test result may not release or disclose the test result or allow the test result to become known except as provided by this section." Tex. Health & Safety Code Ann. § 81.103(a) (West 1992). Under subsection (f) of section 81.103, unlawful disclosure of the result of an HIV test is a criminal offense, and section 81.104 provides civil remedies for violations of the confidentiality protected under the section. *Id.* §§ 81.103(f), .104.

TDH responded to Doe's claim with a plea to the jurisdiction and moved to dismiss Doe's claim, arguing that section 81.103(a) did not waive TDH's governmental immunity from suit. *See id.* § 81.103(a). The trial court denied the plea to the jurisdiction and motion to dismiss. In its sole point of error, TDH urges that the trial court erred in denying TDH's plea.

## DISCUSSION

Whether the trial court properly denied TDH's plea to the jurisdiction presents a pure question of law that we will examine under a *de novo* standard of review. *See State Farm Lloyds v. Kessler,* 932 S.W.2d 732, 735 (Tex.App.—Fort Worth 1996, writ denied). The decision to waive immunity for state agencies is left to the legislature. *See Texas Dept. of Health v. Ruiz,* 960 S.W.2d 714, 715 (Tex.App.—El Paso 1997, writ denied). The legislature must use clear and unambiguous language to effect a waiver of immunity. *See City of LaPorte v. Barfield,* 898 S.W.2d 288, 291 (Tex.1995). However, "[t]he rule requiring a waiver of governmental immunity to be clear and unambiguous cannot be applied so rigidly that the almost certain intent of the Legislature is disregarded. Legislative intent remains the polestar of statutory construction." *Id.* at 292.

---

1.  Doe sued under the pseudonym "Jane Doe" in order to keep her identity and HIV-positive status confidential.

2.  The study was unrelated to Doe's HIV-positive condition, and was not going to involve any medical treatment.

■ TDH argues that only the limited waivers of governmental immunity contained in the Texas Tort Claims Act could support Doe's claim, and that her claim does not fall within the waivers of immunity provided in that law. The Texas Tort Claims Act waives governmental immunity for certain claims concerning the operation of a motor vehicle, the condition or use of tangible property, or defects of premises. *See* Tex. Civ. Prac. & Rem.Code §§ 101.021, .022 (West 1997). As Doe correctly points out, she made no pleading under the Texas Tort Claims Act, choosing to bring her action under the confidentiality provisions of Chapter 81 of the Health and Safety Code. We reject TDH's argument that Doe's suit must fail if it does not fall under the Texas Tort Claims Act.

■ TDH argues in the alternative that the provision of the Health and Safety Code under which Doe sues does not waive governmental immunity for state agencies. The heart of TDH's argument is its claim that the civil remedies allowed under Health and Safety Code sections 81.103 and 81.104 are not available against TDH, because TDH is not a "person" for the purposes of this Code. *See* Tex. Health & Safety Code Ann. §§ 81.103, .104 (West 1992). To determine whether the Health and Safety Code contains a waiver of governmental immunity, we first examine the text of the statute. *See Smith v. Clary Corp.,* 917 S.W.2d 796, 799 (Tex.1996). Our objective when we construe a statute is to determine and give effect to the legislature's intent. *See Liberty Mut. Ins. Co. v. Garrison Contractors Inc.,* 966 S.W.2d 482, 484 (Tex.1998).

■ The Health and Safety Code adopts the conventions of statutory construction provided in the Code Construction Act, including the Act's definition of "person." *See* Tex. Gov't Code Ann. § 311.005 (West 1998); Tex. Health & Safety Code Ann. § 1.002 (West 1992). Under the Code Construction Act definition, " 'Person' includes corporation, organization, government or governmental subdivision or agency, business trust, estate, trust, partnership, association, and any other legal entity." Tex. Gov't Code Ann. § 311.005(2) (West 1998).[3] The Code Construction Act applies this definition to codes adopted by the 60th or a subsequent legislature; the Health and Safety Code was adopted in 1989 by the 71st legislature. *See* Tex. Gov't Code Ann. § 311.002 (West 1998); Tex. Health & Safety Code Ann. § 1.001 (West 1992); *City of LaPorte v. Barfield,* 898 S.W.2d 288, 294 (Tex. 1995). We note with approval the determination of the Fourth Court of Appeals that the City of Kerrville could be sued under an anti-fraud provision of the Business and Commerce Code because the legislature waived governmental immunity by using "person" in a statute that employs the Code Construction Act definition. *See Kerrville HRH, Inc. v. City of Kerrville,* 803 S.W.2d 377, 383 (Tex.App.—San Antonio 1990, writ denied).[4] In order to give effect to the intent of the legislature, we similarly determine that Chapter 81 of the Health and Safety Code waives governmental immunity.

■ The express language of the provisions for confidentiality in Chapter 81 supports the conclusion that the legislature intended to waive governmental immunity for violations of these provisions. Rules adopted pursuant to Health and Safety Code section 81.102, which allows manda-

---

**3.** The Revisor's Note to section 81.103 of the Health and Safety Code indicates that the revised law substitutes "person" for the source law's reference to "a 'person, firm, corporation, physician, hospital, blood center, blood bank, laboratory, or other legal entity' ... because under the definition section of the Code Construction Act, 'person' includes any legal entity." Tex. Health & Safety Code Ann.

§ 81.103 revisor's note (West 1992) (citation omitted).

**4.** In *Barfield,* the supreme court expressly declined to comment on this aspect of the holding of the court of appeals in *Kerrville HRH. See City of LaPorte v. Barfield,* 898 S.W.2d 288, 296 (Tex.1995).

tory HIV testing in certain emergency circumstances, must provide for "procedures and guidelines to be followed by an affected entity or state agency that ... specify methods to be used to assure confidentiality." Tex. Health & Safety Code Ann. § 81.102(d)(2) (West 1992). Section 81.104 creates a civil cause of action to restrain a violation or threatened violation of section 81.102. *Id.* § 81.104. The direct identification of state agencies in the statute indicates that the legislature contemplated the application of this section to state agencies. When construing a statute, we must view its terms in context and give them full effect. *See Liberty Mut.,* 966 S.W.2d at 484. "[L]anguage strongly suggesting a waiver of immunity in contexts in which any other intention is hard to discern" will guide us in determining the intent of the legislature. *Barfield,* 898 S.W.2d at 292. Considering the context of the whole statute, including the adoption of the Code Construction Act definition of "person," we conclude that the reference to "an affected ... state agency" in section 81.102 further demonstrates the legislature's intent to waive governmental immunity. Tex. Health & Safety Code Ann. § 81.102(d)(2) (West 1992).

TDH reads the Revisor's Note to section 81.103 [5] to indicate that the source law of this section did not include government agencies in the definition of a "person" to whom the section applies. We disagree with this reading of the prior history of section 81.103. The Communicable Disease Prevention and Control Act (the "Act") was passed by the 68th legislature in 1983. *See* Communicable Disease Prevention and Control Act, 68th Leg., R.S., ch. 255, sec. 1, art. I, 1983 Tex. Gen. Laws 1116 (codified at Tex. Health & Safety Code Ann. § 81.001 (West 1992)). Section 1.04 of that Act defines "person" as "an individual, corporation, government or governmental subdivision or agency, business trust, estate, trust, partnership, associa-

tion, or other legal entity." *Id.* art. I., § 1.04(7).

The legislature amended the Act in 1987, adding article 9, Tests for Acquired Immune Deficiency Syndrome and Related Disorders. *See* Act of June 1, 1987, 70th Leg., R.S., ch. 543, sec. 22, art. IX, 1987 Tex. Gen. Laws 2176, 2201 (codified at Tex. Health & Safety Code Ann. § 81.101 (West 1992)). Section 9.03 of the article is the subject of the Revisor's Note to Health and Safety Code section 81.103. *See id.* art. IX, § 9.03; Tex. Health & Safety Code Ann. § 81.103 revisor's note (West 1992). Section 9.03 prohibits "any person, firm, corporation, physician, hospital, blood center, blood bank, laboratory, or other entity" from disclosing the result of an HIV test. Act of June 1, 1989, 70th Leg., R.S., ch. 543, sec. 22, art. IX, § 9.03, 1987 Tex. Gen. Laws 2176, 2203 (codified at Tex. Health & Safety Code Ann. § 81.103 (West 1992)). Section 9.04 provides civil remedies for a violation of section 9.03. *See id.* § 9.04. In 1989, the 71st legislature codified the Communicable Disease Prevention and Control Act, including the confidentiality provisions contained in article 9, as Chapter 81 of the Health and Safety Code. *See* Tex. Health & Safety Code Ann. § 1.001 (West 1992). The codification made no substantive change in the law. *See id.*

The Revisor's Note to section 81.003 of the Health and Safety Code, which provides definitions of words used in Chapter 81, reports that "[t]he revised law omits the definition in the source law of 'person' as unnecessary because under the definitions section of the Code Construction Act (Section 311.005, Government Code) 'person' includes any legal entity." Tex. Health & Safety Code Ann. § 81.003 revisor's note (West 1992). The definitions of "person" contained in the source law to Chapter 81 and in the Code Construction Act both expressly include government agencies. *See* Communicable Disease Prevention and Control Act, 68th Leg., R.S.,

**5.** *See* note 3, *supra.*

ch. 255, sec. 1, art. I, § 1.04(7) 1983 Tex. Gen. Laws 1116, 1117 (codified at Tex. Health & Safety Code Ann. § 81.001 (West 1992)); Tex. Gov't Code Ann. § 311.005(2) (West 1998). We therefore reject TDH's argument that the expression "any legal entity" in the Revisor's Note to section 81.103 does not expressly waive governmental immunity for violations of this section. *See* Tex. Health & Safety Code Ann. § 81.103 revisor's note (West 1992).

The Health and Safety Code declares that the Code employs Code Construction Act definitions. *See* Tex. Health & Safety Code Ann. § 1.002 (West 1992) ("Chapter 311, Government Code (Code Construction Act), applies to the construction of each provision in this code except as otherwise expressly provided by this code."). The Code Construction Act expressly defines the word "person" to include government agencies. *See* Tex. Gov't Code Ann. § 311.005(2) (West 1998). Sections 81.103 and 81.104 of the Health and Safety Code provide a civil remedy to restrain a "person" who violates the HIV test confidentiality protections set out in section 81.103(a). *See* Tex. Health & Safety Code Ann. §§ 81.103(a), .103(f), .104 (West 1992). We therefore conclude that the legislature has expressly waived governmental immunity from claims brought to remedy unlawful disclosure of confidential test results under section 81.103(a) of the Health and Safety Code. TDH's sole point of error is overruled.

## CONCLUSION

The trial court did not err in denying TDH's plea to the jurisdiction and motion to dismiss. We therefore affirm the trial court's order.