# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00283-CV

**Albert Hawkins, Commissioner of Health and Human Services, and The Texas Health and Human Services Commission, Appellants**

**v.**

**Community Health Choice, Inc., Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT**
**NO. GN300106, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING**

---

## O P I N I O N

This is an appeal from the issuance of a writ of mandamus compelling appellant, Albert Hawkins, the Commissioner of the Texas Health and Human Services (ACommissioner@), to refer a contested issue to the State Office of Administrative Hearings (ASOAH@). Appellee, Community Health Choice, Inc. (ACommunity@), was under contract with appellant, the Texas Department of Human Services (ADepartment@). A dispute arose between the parties, and after several months of unsuccessful negotiations, appellee notified the Department of its intent to sue for breach. Once notified, the Department was required by statute to refer the dispute to SOAH. It refused to do so based on appellee=s failure to give it timely notice. Appellee sued and requested the trial court to issue a writ of mandamus directing the Commissioner

to refer the suit to SOAH. The trial court granted appellee=s summary judgment and issued the writ to the Commissioner. Appellants have appealed. We will affirm the trial court=s summary judgment.

**PROCEDURAL AND FACTUAL BACKGROUND**

Appellee was under contract with the Department to provide managed care to Medicaid enrollees under the state=s managed care program, State of Texas Access Reform (ASTAR@). *See* 1 Tex. Admin. Code ' 353.2(13) (2003). On June 5, 2002, appellee sent a letter to the Department demanding reimbursement for the money it paid on claims of a child it believed did not meet STAR=s eligibility requirements. The Department responded on June 18, 2002, and denied appellee=s claims for reimbursement. On October 3, 2002, appellee wrote another letter threatening suit if reimbursement were not received by October 11, 2002 and asked the Department to refer the dispute to SOAH pursuant to chapter 2260 of the government code[1] if the Department refused to make payment. Three weeks later, on October 24, the Department responded and stated that it would not refer the matter to SOAH because appellee had failed to Aprovide written notice to HHSC [Health and Human Services Commission] of a claim for breach of contract>not later than the 180th day after the date of the event giving rise to the claim.=@ Appellee responded on October 29, 2002, suggesting that if appellee=s notice were untimely, then the Department could raise that issue at the SOAH hearing. In letters dated November 18 and December 16,

---

[1]     Tex. Gov=t Code Ann. ' ' 2260.001-.108 (West 2000 & Supp. 2003).

2002, the Department concluded that appellee=s failure to provide timely notice deprived SOAH of jurisdiction over the dispute.[2] It said:

> [I]t is the Commission=s position that [Community] did not comply with the requirements of Texas Government Code, chapter 2260, e.g., [Community] did not timely provide notice of a claim for breach of contract to HHSC. Since [Community] did not comply with the statutory prerequisites, SOAH does not have jurisdiction over this dispute under Chapter 2260.

On January 10, 2003, appellee filed suit asking for a writ of mandamus to compel the Commissioner and the Department to submit the matter to SOAH for a contested case hearing. Arguing the failure to provide timely pre-suit notice deprived the court of jurisdiction, appellants filed a plea to the jurisdiction. On April 17, 2003, the trial court denied the appellants= plea to the jurisdiction and granted appellee=s writ of mandamus compelling appellants to refer the dispute to SOAH for resolution pursuant to the provisions of chapter 2260 of the government code.

Appellants raise two points of error on appeal. First, appellee=s failure to provide the Department with timely, pre-suit notice deprived the trial court of jurisdiction. Second, the trial court erred

---

[2] To the extent that appellants attempt to argue that SOAH did not have jurisdiction to consider the disputed issue of fact, the argument has not been briefed. As we discuss below, the issue is not whether SOAH had jurisdiction but whether the Department had a clear legal duty to refer the dispute to SOAH upon request. *See* Tex. Gov=t Code Ann. ' 2260.102 (West 2000).

as a matter of law in issuing the writ of mandamus. Because we find that appellants had a clear legal duty to refer the issue to SOAH, we will affirm the issuance of the writ of mandamus.

**Chapter 2260 of the government code**

Appellants argue that the notice provision in section 2260.051 of the Government Code is a jurisdictional prerequisite to the waiver of sovereign immunity under section 107 of the civil practice and remedies code. *See* Tex. Gov=t Code Ann. ' 2260.005 (West Supp. 2003); Tex. Civ. Prac. & Rem. Code Ann. '' 107.001-.005 (West 1997). Whether the trial court properly denied appellants= plea to the jurisdiction is a question of law we examine *de novo. Texas Dep=t. of Health v. Doe*, 994 S.W.2d 890, 892 (Tex. App.C Austin 1999, pet. dism=d by agr.).

Before a party may sue the state for breach of contract, it must comply with the provisions of chapter 2260 of the government code. Tex. Gov=t Code Ann. ' 2260.005; Tex. Civ. Prac. & Rem. Code Ann. '' 107.001-.005 (permission to sue state). Section 2260.051 provides that before suing the state for breach of contract, the party must A provide written notice . . . not later than the 180th day after the date of the event giving rise to the claim.@ Tex. Gov=t Code Ann. ' 2260.051 (West 2000). The notice must specify: A(1) the nature of the alleged breach; (2) the amount the contractor seeks as damages; and (3) the legal theory of recovery.@ *Id*. The state must assert its counterclaims in writing to the contractor within ninety days of receipt of the notice. *Id*. Once notice is given, the A chief administrative officer@ of the agency sued or A another officer,@ as designated in the contract, must examine the claim and negotiate with the contractor to resolve the dispute. *Id*. ' 2260.052 (West 2000). The negotiations must begin no later than the sixtieth day after A(1) the date of termination of the contract; (2) the completion date in the original

4

contract; or (3) the date the claim is received,@ whichever is latest. *Id*. If negotiations do not resolve the dispute within 270 days after the date the claim is filed with the state agency or if the party is dissatisfied with the outcome of the negotiations, the party may file a request for a contested case hearing with SOAH. *Id*.'' 2260.055, .102 (West 2000). Upon receipt of the request for a contested-case hearing, the agency Ashall@ refer the dispute to SOAH. *Id*.' 2260.102.

Appellants cite *General Services Commission v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 597 (Tex. 2001), and *State v. Kreider*, 44 S.W.3d 258, 264 (Tex. App.CFort Worth 2001, pet. denied), for the proposition that the failure to give proper notice under chapter 2260 deprives a party of its right to sue the state for breach of contract. *See* Tex. Gov=t Code Ann.' 2260.051. The supreme court in *Little-Tex* said that Athere is but one route to the courthouse for breach-of-contract claims against the State, and that route is through the Legislature. . . . Compliance with Chapter 2260, therefore, is a necessary step before a party can petition to sue the State.@ 39 S.W.3d at 597. In *Kreider*, the court held that failure to give timely notice under the Texas Tort Claims Act prevented suit against the state. 44 S.W.3d at 264. While we agree that proper notice is a prerequisite to suit under chapter 2260, the issue here is whether appellee has in fact complied with the notice provisions of chapter 2260. This is a disputed question of fact that should be presented to SOAH. Appellants would have us read *Little-Tex* to mean that the referring agency has the exclusive authority to decide whether and to what extent an adverse party is in compliance with chapter 2260. In addition to the various notice provisions of chapter 2260 (*see* Tex. Gov=t Code Ann. '' 2260.051 (timeliness of initial claim), .052 (negotiations), .055 (incomplete resolution), and .056 (unsatisfactory resolution)), chapter 2260 contains other procedural and substantive prerequisites to suit.

5

*See* Tex. Gov=t Code Ann. '' 2260.004 (required contract provision), .051(c) (substantive sufficiency of the notice), .052 (required negotiation), .053 (partial resolution of claim), .054 (payment of claim), .102 (substantive sufficiency of request for hearing). Were the agency charged with making the referral the ultimate finder of fact, then conceivably no issues of fact would make it past the agency determination. Such a reading would essentially eliminate the need for a referral to SOAH altogether and frustrate the legislature=s intent to provide an alternate procedure of resolving contractual disputes with government agencies.

In *Flores v. Employees Retirement System*, we commented on SOAH=s role as a neutral fact-finder. 74 S.W.3d 532, 540 (Tex. App.CAustin 2002, pet. denied). Before the creation of SOAH, hearing examiners were employed by and accountable only to the litigant-agency. *See id*. We observed that A[g]iven that the resolution of disputed adjudicative facts requires weighing the evidence and making credibility determinations, a neutral decision-maker is crucial to a fair adjudicatory hearing.@ *Id*.; s*ee also* Tex. Gov=t Code Ann. ' 2003.021 (West Supp. 2003) (SOAH was Acreated to serve as an independent forum for the conduct of adjudicative hearings in the executive branch of state government.@). SOAH is empowered to determine Aadjudicative facts,@ those that answer Awho, what, when, where and how@ and are Aroughly the kind of facts that go to a jury in a jury case.@ *Flores*, 74 S.W.3d at 539. Surely, fairness factors are at play in this case. Were the state agency the sole fact-finder, then possibly every breach of contract claim against the state would rise or fall based on that agency=s potentially self-interested interpretation of the prerequisites of chapter 2260 and its assessment of compliance with those prerequisites by the party bringing the claims. Such a proposition could not be considered the Afair adjudicatory hearing@

6

by a Aneutral decision-maker@ as contemplated in *Flores*. We hold that appellants are not the agency charged with deciding disputed questions of fact under chapter 2260; consequently, appellants=first point of error is overruled.

**Writ of mandamus**

Appellants also argue that the trial court erred in issuing the writ of mandamus because the agency did not have a clear legal duty to refer the case to SOAH since appellee failed to provide timely notice. A writ of mandamus is proper to compel a public official to perform a ministerial act. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). AAn act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion.@ *Id*. In addition to a clear legal duty to perform a nondiscretionary act, there must have been a demand for performance and a subsequent refusal. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979). Appellee moved for summary judgment on the grounds appellants had a clear legal duty to refer the dispute to SOAH. The trial court granted the motion without specifying the grounds. When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). We must affirm the summary judgment if any one of the movant=s theories has merit. *Id*. Because we find that appellee was clearly entitled to the performance of the respondent=s duty, we affirm the summary judgment.

The essential elements for the issuance of a writ of mandamus were met. Appellants had a clear legal duty to refer the dispute over the timeliness of appellee=s notice to SOAH. Section 2260.102 states that:

7

(a) If a contractor is not satisfied with the results of negotiation with a unit of state government under Section 2260.052, the contractor may file a request for a hearing with the unit of state government.

. . . .

(c) On receipt of a request under Subsection (a), the unit of state government shall refer the claim to the State Office of Administrative Hearings for a contested case hearing under Chapter 2001, Government Code, as to the issues raised by the request.

As indicated above, a referral to SOAH was non-discretionary; demand was made for the referral and appellee=s demand was refused.

Appellants also argue that the appellee=s failure to give timely notice barred the use of mandamus as a remedy. *See Oney v. Ammerman*, 458 S.W.2d 54, 54-55 (Tex. 1970); *Boone v. McGee*, 280 S.W. 295, 297 (Tex. Civ. App.CAustin 1926, no writ). In *Oney*, the supreme court held that mandamus was improper where candidates for elected office failed to file affidavits and statements of their intention to run for office by the state deadline. *See* 458 S.W.2d at 54-55. In *Boone*, this Court quoted *Texas Mexican Railway Co. v. Jarvis*, 15 S. W. 1089 (Tex. 1891), for the proposition that Amandamus will not issue to enforce a right which is contingent or incomplete by reason of condition precedent which is still to be performed by the petitioner or relator, or which is contingent upon the further act of a third person or tribunal.@ *See id*.

Appellants= cases are inapplicable because in those cases it was clear that one party failed to comply with a condition precedent. Again, we do not know whether appellee failed to give timely notice and deciding that issue depends on the resolution of a fact issue. SOAH has the power to find facts and make conclusions of law. Tex. Gov=t Code Ann. ' 2001.141 (West 1995). The condition precedent to

8

appellants= clear legal duty to perform was receipt of appellee=s request. *Id.* ' 2260.102. Once the request was made, appellants were compelled to act in compliance with the statute; therefore, we overrule appellants= second point of error.

## CONCLUSION

Chapter 2260 was enacted to provide a limited waiver of sovereign immunity when the state has allegedly breached a contract. Upon notification, the state must refer the contractual dispute to SOAH. We hold that a question regarding whether a party has in fact complied with the pre-suit notice requirements of chapter 2260 is a question of fact that, like the issues underlying the breach-of-contract claim, must be referred to SOAH. We affirm the trial court=s summary judgment.

David Puryear, Justice

Before Chief Justice Law, Justices Kidd and Puryear

Affirmed

Filed: January 23, 2004