ACCEPTED
03-15-00349-CV
8167970
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/9/2015 4:58:35 PM
JEFFREY D. KYLE
CLERK

**NO. 03-15-00349-CV**

**In the
Third Court of Appeals
Of Texas**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

12/9/2015 4:58:35 PM

JEFFREY D. KYLE
Clerk

SHAMROCK PSYCHIATRIC, P.A.

*Appellant*,

V.

TEXAS DEPARTMENT OF HEALTH AND HUMAN SERVICES,
KYLE JANEK, MD, EXECUTIVE COMM'R
AND DOUGLAS WILSON, INSPECTOR GENERAL

*Appellees,*

On appeal from the 126th District Court, Travis County, Texas
Cause NO. D-1-GV-14-001833

**APPELLANT'S REPLY BRIEF**

Jason Ray
Texas Bar No. 24000511
Jennifer S. Riggs
Texas Bar No. 16922300
RIGGS & RAY, P.C.
506 West 14th Street, Suite A
Austin, Texas  78701
512 457-9806
512 457-9066 – Facsimile
jray@r-alaw.com

**ATTORNEYS FOR APPELLANT**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................. ii

INDEX OF AUTHORITIES........................................................................... iii

SUMMARY OF REPLY ARGUMENT .............................................................1

REPLY ARGUMENT .....................................................................................3

Issue:  Did the trial court have jurisdiction over the SOAH ALJ's dismissl of the
payment hold hearing?.................................................................................4

    I.       The HHSC "non-suit" did not deprive the SOAH of jurisdiction over
the payment hold matter
.................................................................................................4

    II.      The payment hold matter and the trial court's mandamus jurisdiction
regarding same are governed by *Janek v. Harlingen Family Dentistry,
P.C.*, 451 S.W.3d 97, 99 (Tex. App.—Austin 2014, no pet.). ..............5

Issue:  Did the trial court have jurisdiction to order the HHSC and the SOAH to
give Shamrock a hearing?..............................................................................7

    I.       The jurisdiction to order that the HHSC provide a hearing is
governed by *Hawkins v. Community Health Choice, Inc.*,
127 S.W.3d 322 (Tex. App.—Austin 2004, orig. proceeding)............7

    II.     The SOAH must resolve the fact questions .........................................9

    III.    The exhaustion doctrine does not apply here.....................................11

PRAYER    ...................................................................................................12

CERTIFICATE OF COMPLIANCE...................................................................12

CERTIFICATE OF SERVICE .........................................................................13

# INDEX OF AUTHORITIES

**CASES**

*Hawkins v. Community Health Choice, Inc.,*
    *127 S.W.3d 322 (Tex. App.—Austin 2004, orig.proceeding)* ......2, 7, 8, 9 , 10

*Janek v. Harlingen Family Dentistry, P.C.,*
    451 S.W.3d 97 (Tex. App.—Austin 2014, no pet.)...............................5, 6, 11

*Lindsay v. Sterling,* 690 S.W.2d 560 (Tex. 1985) .....................................................11

*Texas Mut. Ins. v. Ledbetter,* 251 S.W.3d 31 (Tex. 2008).........................................4

**STATUTES**

TEX GOV'T CODE CH. 2260.....................................................................................8

TEX GOV'T CODE 531.1201(a).............................................................................8, 9

## SUMMARY OF REPLY ARGUMENT

At issue in this case is the trial court's jurisdiction to decide the scope of jurisdiction of the State Office of Administrative Hearings (SOAH), who was acting as the HHSC's fact finder. The trial court simply failed to address the jurisdictional issues, dismissing the case for lack of *trial court* jurisdiction. That was error.

In addition, the underlying SOAH case presents two distinct jurisdictional issues: (1) whether the SOAH continued to have jurisdiction over the payment hold hearing (credible allegation of fraud) and (2) whether the SOAH had jurisdiction over the final notice of overpayment hearing (general recoupment). It is undisputed in this case that the payment hold hearing was timely requested. Even if the SOAH was correct that it lacked jurisdiction over the second matter, that does not mean the first matter was moot.

The HHSC withheld money from Shamrock on the basis of specific statutory authority over credible allegations of fraud. The HHSC *abandoned* those allegations and, at that time, then had a mandatory and ministerial duty to return the money withheld. The HHSC cannot use the payment hold process to effectively get a "leg up" on the second hearing.

It is possible the HHSC might ultimately prevail on some of its final overpayment allegations, but the HHSC must seek relief in district court to reduce

Appellant's Reply Brief
Page 1

the debt to judgment. That kind of adjudication is a matter within the exclusive jurisdiction of the judicial branch. The HHSC must use proper legal process to pursue that alleged debt; it cannot use the statutory temporary hold process to circumvent proper legal process.

With respect to the second hearing (the overpayment hearing), the decision in *Hawkins v. Community Health Choice, Inc.*, 127 S.W.3d 322 (Tex. App.—Austin 2004, orig. proceeding), controls here. As in that case, the HHSC may have had a defense about the timeliness of Shamrock's request for a hearing, but the issue was whether there should be a hearing and, more important, whether the trial court had jurisdiction to order that a hearing be provided.

The SOAH ALJ should not have simply dismissed the second hearing (the final overpayment hearing) simply because the HHSC attempted to "dismiss" the payment hold hearing. The question is not only whether the ALJ should have "ordered" the HHSC to amend its pleadings, but also whether the final overpayment was *already at issue* in the various filings by the HHSC. Fact questions also existed about waiver and/or consent to jurisdiction. Those questions were never resolved by the SOAH ALJ, or if they were resolved, were resolved in Shamrock's favor.

Finally, the exhaustion doctrine does not apply because the HHSC never entered an agency order on the SOAH ALJ's Order No. 11. There was no final agency order for Shamrock to appeal.

**REPLY ARGUMENT**

**Issue:  Did the trial court have jurisdiction over the payment hold hearing?**

**I.      The HHSC "non-suit" did not deprive the SOAH of jurisdiction
          over the payment hold matter.**

Shamrock's request for a payment hold hearing was, practically speaking, a request for affirmative relief from the HHSC's payment hold. The HHSC had no right to dismiss Shamrock's appeal of the payment hold. The only way the HHSC could deprive the SOAH Administrative Law Judge of jurisdiction over Shamrock's appeal was to make the appeal moot by returning all of Shamrock's money that the HHSC had withheld as a result of the payment hold.

This situation is analogous to the parties' rights to non-suit under Texas Rules of Civil Procedure Rule 162. A party can non-suit its claims, but such nonsuit will not affect pending claims for affirmative relief. *Texas Mut. Ins. v. Ledbetter,* 251 S.W.3d 31, 37 (Tex. 2008).  Here, Shamrock had appealed the HHSC payment hold and sought return of its money. Without the HHSC *sua sponte* releasing Shamrock's money or a final agency indicating that Shamrock should not be subject to the payment hold, the HHSC could not deprive the SOAH of jurisdiction over Shamrock's request for relief from the payment hold.

That payment hold appeal stands alone. The HHSC cannot argue both that the payment hold hearing was somehow combined with the final overpayment

hearing, and at the same time argue that the HHSC never put the final overpayment at issue. The SOAH ALJ should have proceeded with the payment hold hearing.

**II.     The payment hold matter and the trial court's mandamus jurisdiction regarding same are governed by *Janek v. Harlingen Family Dentistry, P.C.*, 451 S.W.3d 97, 99 (Tex. App.—Austin 2014, no pet.)**

The relief that could have *and should have* been granted to Shamrock when the HHSC abandoned its allegations of a credible allegation of fraud was that the money that had been withheld by the HHSC would be returned to Shamrock. *See Janek v. Harlingen Family Dentistry, P.C.*, 451 S.W.3d 97, 99 (Tex. App.—Austin 2014, no pet.). When the HHSC abandoned its payment hold claim against Shamrock, it did not return Shamrock's money.

The purpose of a temporary payment hold is to secure the HHSC's financial position pending the overpayment hearing, for which the OIG shoulders its burden of showing that the money in fact constituted an "overpayment." The HHSC has effectively taken money due to Shamrock without ever reducing that alleged final overpayment to a judgment or order. By abandoning its payment hold claim but keeping the money, the HHSC prevented Shamrock from getting any relief. The HHSC has circumvented Shamrock's statutory right to a payment hold hearing and abused the statutory temporary payment hold process.

This part of the underlying case is governed by this Court's decision in *Janek v. Harlingen Family Dentistry, P.C.*, 451 S.W.3d 97. In that case, this Court

determined that the trial court had jurisdiction to order that the HHSC return money withheld on a temporary payment hold when the SOAH judge determined that the HHSC had no credible evidence of fraud, and the HHSC did not appeal that decision. Similar considerations apply here, especially since there has been no finding that Shamrock committed fraud.

The HHSC attempts to distinguish *Harlingen* on the basis that *Harlingen* involved a final proposal for decision and an agency order based on that proposal for decision, whereas this case does not. (Appellees' Brief, pp. 17-18) The HHSC also maintains that this case is different because SOAH Order No. 11 did not order any funds subject to the payment hold be released to Shamrock. (Appellees' Brief, p. 18). Although Order No. 11 did not purport to resolve the validity of the payment hold or the credibility of the allegation of fraud the HHSC used to support it, the practical legal effect of the order was the same as that in the *Harlingen* case, because there is no finding that the HHSC possessed a credible allegation of fraud against Shamrock.

When it abandoned its allegations of fraud against Shamrock, the payment hold simply ceased. Assuming that the HHSC could abandon its claims while Shamrock's appeal was not withdrawn, the HHSC's action was the equivalent of an admission that it had insufficient evidence of fraud to sustain the payment hold. The limited nature of Order No. 11 and its lack of any findings of fact or

conclusions of law cannot change the legal effect of the HHSC abandoning its payment hold or the statutory limits on payment holds.

SOAH Order No. 11 is procedurally significant only in this sense: it was not a proposal for decision on which the HHSC could base a final agency order. Thus, Order No. 11 did not trigger the Administrative Procedure Act requirements applicable to final agency orders (i.e. motions for rehearing). The HHSC cannot allege both that there was no final agency order and that a "final order" was not followed by a timely motion for rehearing and subsequent lawsuit. (Appellees' brief, p. 19)

Mandamus was the proper remedy. It was the only remedy available to Shamrock.

**Issue: Did the trial court have jurisdiction to order the HHSC and the SOAH to give Shamrock a hearing?**

**I.     The jurisdiction to order that the HHSC provide a hearing is governed by *Hawkins v. Community Health Choice, Inc.*, 127 S.W.3d 322 (Tex. App.—Austin 2004, orig. proceeding)**

The trial court also erred in concluding that it lacked jurisdiction to consider an application for writ of mandamus to compel the agency to provide a hearing on the final overpayment hearing. In that regard, this part of the case is governed by the decision in *Hawkins v. Community Health Choice, Inc.*, 127 S.W.3d 322 (Tex. App.—Austin 2004, orig. proceeding).

The *Community Health* case involved disputed payments in the Texas Medicaid Managed Care program. Community Health filed a lawsuit seeking a writ of mandamus to compel the HHSC to submit a disputed payment matter to the SOAH for a contested case hearing. The HHSC filed a plea to the jurisdiction, contending that Community Health's failure to provide timely pre-suit notice deprived the trial court of jurisdiction. The trial court denied the plea to the jurisdiction and granted Community Health's writ of mandamus compelling the HHSC to refer the dispute to SOAH for resolution pursuant to the provisions of Chapter 2260 of the Texas Government Code. This Court determined that the trial court had not erred in granting the relief requested.

The *Community Health* court found as follows:

> While we agree that proper notice is a prerequisite to suit under chapter 2260, the issue here is whether appellee has in fact complied with the notice provisions of chapter 2260. This is a disputed question of fact that should be presented to SOAH. Appellants would have us read *Little–Tex* to mean that the referring agency has the exclusive authority to decide whether and to what extent an adverse party is in compliance with chapter 2260. . . . Were the agency charged with making the referral the ultimate finder of fact, then conceivably no issues of fact would make it past the agency determination. Such a reading would essentially eliminate the need for a referral to SOAH altogether and frustrate the legislature's intent to provide an alternate procedure of resolving contractual disputes with government agencies.

*Community Health*, 127 S.W.3d at 325.

Similar considerations apply here. Both Chapter 531 and Chapter 2260 of the Texas Government Code confer the right to a contested case hearing. The

version of section 531.1201 applicable prior to September 1, 2015 provided as follows:

> (a) A provider must request an appeal under this section not later than the 15th day after the date the provider is notified that the commission or the commission's office of inspector general will seek to recover an overpayment or debt from the provider. On receipt of a timely written request by a provider who is the subject of a recoupment of overpayment *or recoupment of debt arising out of a fraud or abuse investigation*, the office of inspector general shall file a docketing request with the State Office of Administrative Hearings or the Health and Human Services Commission appeals division, as requested by the provider, for an administrative hearing regarding the proposed recoupment amount and any associated damages or penalties. The office shall file the docketing request under this section not later than the 60th day after the date of the provider's request for an administrative hearing or not later than the 60th day after the completion of the informal resolution process, if applicable.

TEX. GOV'T CODE 531.1201.

Section 531.1201 merges the notice for a payment hold hearing and a general recoupment hearing. As a result, a timely request for a payment hold hearing satisfies the requirement for a hearing on a general recoupment hearing. The HHSC effort to require two (or more) notices is simply not supported by the language of the statute.

And even if the request for a hearing on the payment hold is not deemed sufficient to trigger section 531.1201 with respect to the general recoupment hearing, the *Community Health* decision rationale applies here. If the HHSC is the ultimate finder of fact on the timeliness and sufficiency of a request for a hearing,

then conceivably no issues of fact would ever make it past the HHSC determination. "Such a reading would essentially eliminate the need for a referral to SOAH altogether and frustrate the legislature's intent" to provide a remedy under section 531.1201. *See Community Health*, 127 S.W.3d at 325.

## II. The SOAH must resolve fact questions.

Here, the SOAH judge apparently viewed this matter as if the sole disputed issue with respect to the second hearing (the final overpayment hearing), was whether the administrative law judge had the authority "to require OIG to amend its pleadings to assert an overpayment claim in this case." (App. Ex. 2) Although Shamrock does not contend that the SOAH judge has the authority to issue a writ of mandamus to compel the HHSC to "do" anything, as indicated in Shamrock's initial brief, certainly the judge has the authority to enforce the parties' agreement. The consequence of doing so may not be an order to replead, but it could include what amount to "death penalty" sanctions that have the same effect.

Applying the *Community Health* decision, even assuming that the ALJ's stated legal reasoning was correct, it was an *incomplete* analysis of the facts and law applicable in this case. As indicated in Shamrock's initial brief, the HHSC's allegation regarding the final overpayment claim was *already* a matter of record. (Appellant's Brief, pp. 15-16) Was that sufficient? The pleadings in administrative proceedings are not tested by the technical niceties of pleading and practice

applicable in court trials. In addition, by entering into the agreement, did the HHSC waive more formal notice? Did the HHSC effectively consent to hearing over the final overpayment claims? The SOAH judge did not address these issues. The trial court had jurisdiction to order that the HHSC provide a contested case at which these factual issues could be resolved.

## III. The exhaustion doctrine does not control here

Shamrock does not dispute that a party seeking to appeal a final agency decision ordinarily must exhaust administrative remedies. But that requirement applies to an appeal of a final agency order. Here, the HHSC admits that Order No. 11 was not a final agency order such as that at issue in the *Harlingen* case. (*See* Appellees' Brief, pp. 17-18) The HHSC never acted on or adopted the Order No. 11. As a result, the remedies allegedly not exhausted were not available. For that reason, cases such as *Lindsay v. Sterling,* 690 S.W.2d 560 (Tex. 1985) and its progeny are inapplicable.

## PRAYER

For these reasons, Shamrock prays that this Court reverse the trial court order dismissing the case for want of jurisdiction and instruct the trial court to issue a Writ of Mandamus requiring that the OIG release the funds withheld under the payment hold, and to docket its general overpayment claims at the SOAH, as requested by Shamrock.

Respectfully submitted,

_____

Jason Ray
State Bar No. 24000511
Jennifer S. Riggs
State Bar No. 16922300
RIGGS & RAY, P.C.
506 West 14th Street, Suite A
Austin, Texas  78701
512 457-9806
512 457-9066 – Facsimile

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with TRAP Rule 9.4 and contains 2,479 words in Times New Roman typeface of 14-point.

_____

Jason Ray

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served by eservice on December 9, 2015 to the following:

Eugene A. Clayborn
Assistant Attorney General
Deputy Chief, Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Eugene.clayborn@texasattorneygeneral.gov

_____
Jason Ray